**In re Catherine Duffy PETIT, Debtor.**

**Bankruptcy No. 93–20821.**

United States Bankruptcy Court,
D. Maine.

Oct. 19, 1994.

Stephen Gordon, Gordon & Wise, Boston, MA, for debtor.

Peter C. Fessenden, Chapter 11 Trustee, Brunswick, ME.

Gerrard F. Kelley, Office of U.S. Trustee, Portland, ME.

*ORDER DENYING DEBTOR'S MOTION TO QUASH NOTICE OF RENEWED § 341 MEETING, AND REQUEST FOR EXPEDITED HEARING*

ARTHUR N. VOTOLATO,* Bankruptcy Judge.

Before the Court is the Debtor's Motion to Quash Notice of Renewed § 341 Meeting and Request for an Expedited Hearing by Teleconference on the Motion. It is the Debtor's position that the Trustee's Notice of Renewed § 341 Meeting should be quashed, on the ground that the Trustee is not authorized to convene the meeting.

The instant motion was filed by the Debtor's attorney on October 13, 1994, at 10:07 a.m., and, pursuant to the Debtor's request, the matter was set for an expedited hearing on Friday, October 14, 1994, at 11:00 a.m. In the afternoon of October 13, 1994, Mr. Gordon contacted the Court to advise us that he would be unavailable for the hearing because he was leaving for Wisconsin to attend a parents' weekend at his son's college.[1] Upon examination of the pleadings, however, Mr. Gordon's unavailability has become a nonissue.

■ A hearing is not necessary in this matter. The Debtor has filed an extensive and detailed Motion, the Trustee and the United States Trustee have filed written responses, and the positions of the parties are adequately before us. Accordingly, the Debtor's request for a hearing, expedited or otherwise, with or without Mr. Gordon's presence, is DENIED.

■ Upon consideration of the merits of the Motion, together with the Trustee's response, and the applicable law, we rule that the Debtor's argument is groundless and the Motion to Quash is DENIED. While the Code does not explicitly grant a Chapter 11

---

* For the District of Rhode Island, sitting by designation.

1. Mr. Gordon did indicate that he would be available for a telephonic hearing from the airport "during his layover," or upon arrival at his destination later in the afternoon of October 14. It is not acceptable practice in this Court for movants to file pleadings, request expedited treatment, and then unilaterally set their own periods of availability.

Trustee (or a Chapter 7 Trustee for that matter) the specific authority to convene a § 341 meeting, it is implicit in the Code and in the bankruptcy process that Chapter 11 and Chapter 7 trustees both have the inherent power to convene § 341 meetings. This authority was acknowledged by the Supreme Court in *Taylor v. Freeland & Kronz*, wherein the Court, referring to the Chapter 7 trustee, stated that "[p]erforming his duty as a trustee, Taylor held the required initial meeting of creditors in January 1985. See 11 U.S.C. § 341; Bkrtcy.Rule 2003(a)." —— U.S. ——, —— 112 S.Ct. 1644, 1646, 118 L.Ed.2d 280 (1992). *See also In re Levitt*, 137 B.R. 881, 883 (Bankr.D.Mass.1992), (the Court acknowledged the Chapter 7 trustee's authority to reconvene the § 341 meeting).

Additionally, 11 U.S.C. § 102(9) states that the term United States trustee "includes a designee of the United States trustee." The Webster's New World Dictionary defines "designee" as "a person designated." [2] The Webster's New World Dictionary 373 (3d college ed. 1988). Designate is defined as "[t]o indicate, select, *appoint*, nominate, or set apart for a purpose or duty, as to designate an officer for a command." Black's Law Dictionary 402 (5th ed. 1979) (emphasis added); *See also* William C. Burton's Legal Thesaurus 154 (2d ed. 1992) (showing that "appoint" is a synonym for "designate"). On June 6, 1994, Peter Fessenden, Esq., was appointed by the United States Trustee to act as the Chapter 11 Trustee in this case, and as such is unquestionably the designee of the United States Trustee, as defined by the above authorities. (See United States Trustee's Appointment of Trustee, June 6, 1994).

We reject the Debtor's contention that *only* the United States Trustee may convene a § 341 meeting, and rule that Mr. Fessenden, as the designee of the United States Trustee, is indeed empowered to reconvene the § 341 meeting. *See* 11 U.S.C. §§ 102(9), 341(a); Fed.R.Bankr.P. 2003.

Based upon the entire record in this case thus far, because the Chapter 11 Trustee has

alleged and/or demonstrated sufficient cause to reconvene the § 341 meeting,[3] and weighing the relative inconvenience to the Debtor against the potential prejudice to creditors by refusing the Trustee's request for a further § 341 meeting, the Debtor's Motion to Quash is DENIED. To hold otherwise would violate both the spirit and the letter of the law, and would be a clear abuse of discretion, in the circumstances.

---

2. "Designee" is not defined by the Code and we will therefore look to its common meaning.

3. In ruling in favor of the Trustee, we adopt and include by reference herein his Response to the Debtor's Motion to Quash the Notice of Renewed § 341 Meeting.