**In re Catherine Duffy PETIT, Debtor.**

**Bankruptcy No. 93–20821.**

United States Bankruptcy Court,
D. Maine.

Nov. 29, 1994.

---

Stephen Gordon, Gordon & Wise, Boston, MA, for debtor.

Peter Fessenden, Chapter 11 Trustee, Brunswick, ME.

Office of the United States Trustee, Gerrard Kelley, Portland, ME.

*DECISION AND ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPT PROPERTY*

ARTHUR N. VOTOLATO, Bankruptcy Judge.*

Before us is the Chapter 11 Trustee's Objection to the Debtor's Claim of Exempt Property. The issues raised and presented for determination are: (1) whether the Trustee's objection to the Debtor's claimed exemption of two causes of action was filed out of time; and (2) if the Trustee's objection was timely filed, may the Debtor claim as exempt, assets allegedly worth millions of dollars, in

the manner claimed, and based upon the statutory authority referenced in her Schedule C?

## BACKGROUND

The operative facts, which are not in dispute, are as follows: On June 4, 1993, an Involuntary Chapter 7 Petition was filed against the Debtor, and six months later, on December 10, 1993, after a long, thoroughly contested hearing, the Order for Relief was entered. Not wishing to remain a Chapter 7 Debtor, Petit moved to convert to Chapter 11; and that motion was granted on February 8, 1994. On February 25, 1994, the Debtor filed her schedules, listing on Schedule B, item # 20, the following contingent, unliquidated claims:

(1) "Pending lawsuit against Key Bank–CV–86–608 in York County Superior Court and other related claims." The value of the cause of action was listed as "excess of $25,000,000.00."

(2) "Possible attorney malpractice claims." The current market value was listed as "Unknown."

On Schedule C, Petit lists "Debtor's personal property as set forth in Schedule B 20," and cites 11 U.S.C. § 522(d)(11)(A) and (D) as the basis for her claims of exempt property. On June 9, 1994, Peter Fessenden, Esq., was appointed Chapter 11 Trustee, and on August 16, 1994, he filed his objection to the Debtor's claimed exemptions. It is the Debtor's contention that the Trustee's objection was filed out of time.

Upon consideration of the undisputed facts, the arguments, and the applicable law, and for the reasons given below, we find and conclude: (1) that the Trustee's objection was timely filed; (2) that the Trustee's objection to the Debtor's exemptions, *as claimed,* should be and is SUSTAINED; and (3) that as a resident of Maine, the Debtor may not claim property as exempt under 11 U.S.C. § 522, but is limited to the Maine state exemptions.

* For the District of Rhode Island, sitting by designation.

## DISCUSSION

■ Federal Rule of Bankruptcy Procedure 4003(b) provides that "[t]he trustee or any other creditor may file an objection to the list of property claimed as exempt within 30 days after the *conclusion* of the meeting of creditors held pursuant to Rule 2003(a). . . ." The § 341 meeting of creditors in this case was convened by the United States Trustee on May 17, 1994, and at the end of that session the meeting was adjourned, without a continued hearing date certain. On October 1, 1994, the Chapter 11 Trustee filed a notice advising that the § 341 meeting of creditors would reconvene on October 20, 1994.

The Debtor argues that the § 341 meeting in this case was concluded on May 17, 1994, and that the Trustee's objection to her claim of exempt property was therefore filed out of time. Petit contends that her position is supported by the holding in *In re Levitt*, 137 B.R. 881 (Bankr.D.Mass.1992), where the Bankruptcy Judge said that when a trustee continues the meeting of creditors generally, and "fails to announce an adjourned date and time within thirty days of the date on which the meeting of creditors was last held, the meeting will be deemed to have been concluded on the last meeting date." *Id.* at 883. In *Levitt*, the Chapter 7 Trustee opened the Section 341 Meeting on August 8, 1990, and then, because of his busy schedule, continued the meeting "generally," without indicating whether, or when, a further hearing would be held. *Id.* at 882. In the *fifteen months* that passed between the original § 341 meeting and the hearing on the Trustee's objection to the Debtor's claimed exemptions, the Trustee never attempted to reconvene the meeting. *Id.* at 883.

The Court in *Levitt* acknowledged the trustee's authority to continue the first meeting of creditors generally, without a date certain, but added that such continuances may not be used to delay *unreasonably*, the date when objections to claimed exemptions must be filed. The Court said that allowing

long, indefinite continuances would violate the policy behind Fed.R.Bankr.P. 2003(e) and 4003(b), that a debtor's claim of exempt property should become final within a defined, short period of time. *Id.* at 883.

We do not disagree with the reasoning or the result in *Levitt*—and in a garden variety Chapter 7 case, we would adopt both. Here, however, the facts are so totally different that *Levitt* is not applicable. A crucial distinguishing factor in the instant case is that at the time of the adjournment of the § 341 meeting, there was no Trustee. In the instant case, the appointment of a Chapter 11 Trustee was authorized on April 9, 1994,[1] again only after litigation, and with opposition from the Debtor. In addition, said appointment was not approved until June 9, 1994, because several other trustee candidates were also being considered during that time.[2]

■ If the meeting were deemed to have concluded on May 17, 1994, as the Debtor urges, the objection deadline to her claim of exempt property would have been June 16, 1994, less than one month after the Trustee's appointment, and without affording him a reasonable opportunity to adequately address the exemption issue. Given the nature of this case from the beginning, together with the fact that this particularly litigious and obstructionist Debtor had been effectively in possession and delaying the proceedings at practically every turn for twelve months, we find that the Chapter 11 Trustee's call for a reconvened meeting was reasonable in the circumstances, and that the earlier adjournment did not serve to conclude the meeting. Disputes such as this one must be determined fact specifically, and on the facts before us this Debtor should not be permitted to evade § 341 scrutiny by the Trustee.

■ The Debtor also argues that Mr. Fessenden's presence at the initial § 341 meeting, and the statements of Assistant United States Trustee, Gerrard Kelley, Esq., should weigh heavily in the Debtor's favor. In dis-

---

1. The Debtor sought review of this Order and although she did not obtain a stay pending appeal, the finality and appealability of said Order is problematic, at best.

2. These other candidates either voluntarily declined or were disqualified because of potential or actual conflicts.

cussing the format of § 341 meetings, while the Debtor and her counsel were signing in, Mr. Kelley said "I spoke about the format of the meeting generally and the fact that this is probably the only one we will have. In this district they used to have serial 341 meetings but they no longer do. *So unless there is some special reason,* this is the only 341 meeting." (emphasis added.) (Exhibit A to Affidavit of Stephen F. Gordon, Esq., regarding transcription of audio-taped creditors' meeting held on May 17, 1994, at 5.)

■ We disagree, and hold, notwithstanding his physical presence at the meeting, that Mr. Fessenden had no standing until his appointment as trustee, and that at said meeting he was, at most, a spectator. In light of the travel and history of this case, the need for a continued § 341 meeting is manifest and indisputable. The case is far from "ordinary," and Mr. Kelly's standard, introductory comments as to what occurs in normal circumstance should not be taken out of context, nor may they be used to frustrate a diligent, newly appointed Trustee in the performance of his duties.

Accordingly, we rule that the May 17, 1994, § 341 meeting of creditors was merely adjourned by the Assistant United States Trustee, and not concluded; and that the newly appointed Chapter 11 Trustee acted within a reasonable time in announcing a date for the reconvened § 341 meeting. *See In re Petit,* 172 B.R. 706 (Bankr.D.Me.1994). Any other ruling on this issue, *in this case,* would constitute a clear abuse of discretion, and would overlook the rights of creditors.

■ In addressing the merits of the Debtor's claims of exempt property, we begin with her Schedule C, wherein the Debtor lists 11 U.S.C. § 522(d)(11)(A) and (D) as the statutory basis for her exemption claims. The Debtor acknowledges that Maine has "opted out" of the federal exemption scheme, and

that in bankruptcy proceedings Maine residents are limited to exemptions provided by Maine state law. *See* 11 U.S.C. § 522(b)(1); 14 Me.Rev.Stat.Ann. tit. 14 § 4426. Nevertheless, she bases her choice of federal exemptions on the contention that she was a Massachusetts resident during the 180 days preceding the filing of the petition.[3]

■ In support of her alleged Massachusetts residency during the 180 days prior to the involuntary filing, Petit states that she was staying in the Boston area, at an address she did not know, and that her most personal possession, her jewelry collection, was not located at her home in Maine, but was with her in the "Boston area." We must reject, as farcical, the contention that these factors qualify Catherine Duffy Petit as a Massachusetts resident—it is not even a close question. The record in this case conclusively establishes that on the date of the petition the Debtor was a resident of Maine.[4]

In contradiction of the Debtor's unsupported assertion that she resided in Massachusetts for 180 days prior to the petition, the reality is as follows: The involuntary petition lists the Debtor's address as One Fourth Street, Old Orchard Beach, Maine, and to date, she has not advised the Court of any correction or change in address.[5] The only real estate owned by the Debtor is the Old Orchard Beach property, and she states in Schedule B that her household goods, furnishings, and collectibles are all located at One Fourth Street, Old Orchard Beach. Additionally, at the initial § 341 meeting, the Debtor indicated that her clothing was located in her Maine home. (See Exhibit A to Affidavit at 14). We also note that in a Proposed Joint Pretrial Order filed on December 6, 1993, the Debtor stipulated to the following facts:

---

3. This argument has previously been decided adversely to the Debtor during her opposition to the Involuntary Petition, wherein she set up her alleged Massachusetts residence as a defense to the petition. It matters not that at the December 10, 1993, hearing, Petit concentrated on the status of the petitioning creditors, rather than on the residence question. Today that issue is either res judicata or has been waived.

4. To the extent that this ruling involves findings of fact, *all* issues of credibility are resolved against the Debtor.

5. The Debtor has represented to the Court that her *mailing* address is Post Office Box P, Old Orchard Beach, Maine.

1) Debtor is registered to vote in Old Orchard Beach, Maine;

2) Debtor holds a valid driver's license in the State of Maine; and

3) Debtor's mailing address is P.O. Box P, Old Orchard Beach, Maine.

 Cumulatively, these admissions firmly establish that Catherine Duffy Petit was a resident of Maine in the 180 days preceding this bankruptcy, and as such she may not elect the Federal exemptions. Accordingly, the Trustee's Objection is SUSTAINED, and the Debtor's exemptions, as claimed, are DISALLOWED.[6]

The Debtor argues in the alternative that in the event the Federal exemptions are determined by this Court to be not applicable, she should be allowed to exempt the subject causes of action under Me.Rev.Stat. Ann. tit. 14, § 4422(14)(E). That statute provides that the Debtor may exempt "payment in compensation of loss of future earnings ... to the extent reasonably necessary for the support of the debtor and any dependent of the Debtor." Me.Rev.Stat.Ann. tit. 14, § 4422(14)(E). The statutory basis for such claims of exemption, which is announced for the first time in her supplemental memorandum, violates Maine Local Bankruptcy Rule 4003 which requires that "[a] debtor's claim of exemption shall be specific and shall, as to each item or category of items claimed as exempt, designate by title, section and subsection, the statutory basis for the claim." In addition, to assert a new statutory basis upon which to claim property as exempt, the Debtor must formally amend Schedule C, thereby providing creditors and the Trustee with notice, and an opportunity to object and be heard. Accordingly, the Debtor's present attempt to claim these assets as exempt under the Maine statute is DENIED, without prejudice. She may file her amended sched-

ules pursuant to Fed.R.Bankr.P. 1009(a), i.e., with notice of the amendment to the Trustee and to any entity affected thereby.

Enter Judgment consistent with this opinion.

---

6. For completeness of the record and possible appellate purposes, we find that the subject causes of action would not be exempt under § 522(d)(11)(A) which applies to an award under a crime victim's reparation law, nor under § 522(d)(11)(D) which applies to payments not to exceed $7500 on account of personal bodily injury. The causes of action listed do not fall within the ambit of these statutes nor has the Debtor argued that these statutes are applicable to the

exemptions claimed. Additionally, the Debtor argues that the causes of action should be exempt under § 522(d)(11)(E) because the proceeds are "expected to be whole or in part, payment in compensation of loss of future earnings of the Debtor." This statutory basis for the exemptions was raised for the first time in argument, and as such cannot take the place of an amended Schedule C. *See* Discussion *infra*.