Catherine Duffy PETIT,
Debtor–Appellant,

v.

Peter C. FESSENDEN, Chapter
11 Trustee–Appellee.

Civ. No. 94–386–P–C.

United States District Court,
D. Maine.

March 10, 1995.

Stephen F. Gordon, Gordon & Wise, Boston, MA, for appellant Catherine Duffy Petit.

Peter C. Fessenden, Ranger, Fessenden & Copeland, P.A., Brunswick, ME, for appellee Peter C. Fessenden, Chapter 11 Trustee.

Gerrard F. Kelley, U.S. Trustee, Portland, ME.

## *MEMORANDUM OF DECISION AFFIRMING ORDER OF THE BANKRUPTCY COURT*

GENE CARTER, Chief Judge.

In this Chapter 11 case, the Debtor–Appellant, Catherine Duffy Petit ("the Debtor"), brings an appeal seeking reversal of the Order entered by the bankruptcy court denying her Motion to Quash Notice of Renewed § 341 Meeting. *In re Petit,* 172 B.R. 706 (Bankr.D.Me.1994). The Debtor argues that the Notice issued by the Chapter 11 trustee, Peter Fessenden ("Trustee Fessenden"), should have been quashed on the basis that he lacked the authority to reconvene the creditors' meeting pursuant to the Bankruptcy Code. 11 U.S.C. § 341.

### *I. FACTS*

The parties have no dispute, other than a few "characterizations," regarding the essential facts of this appeal. The Debtor's case began on June 4, 1993, as an Involuntary Petition under Chapter 7 and was later converted to a Chapter 11 case by the Debtor;

the conversion was confirmed by the bankruptcy court on March 24, 1994. A meeting of creditors was held, pursuant to the bankruptcy statute, on May 17, 1994. 11 U.S.C. § 341. On June 6, 1994, the United States Trustee moved for the appointment of Trustee Fessenden as Chapter 11 trustee and, on June 16, 1994, the bankruptcy court docketed its Order granting the United States Trustee's motion. Trustee Fessenden filed an Objection to the Debtor's Claims of Exemption on August 16, 1994. The Debtor responded by filing her Opposition to the Chapter 11 Trustee's Motion and moved the court to strike the objection as untimely. The Debtor alleged in her opposition that Trustee Fessenden's objection was untimely because Bankruptcy Rule 4003(b) requires such objections to be filed within thirty days of the conclusion of the section 341 meeting, which the Debtor claims occurred on May 17, 1994. The bankruptcy court ultimately granted Trustee Fessenden's objection and denied the Debtor's Opposition and Motion to Strike.

The present appeal, however, arises from a discrete aspect of the proceedings described above. After Trustee Fessenden filed his Objection to the Debtor's Claims of Exemption and the Debtor filed her Opposition, Trustee Fessenden sent to the Debtor and all creditors a Notice of Renewed § 341 Meeting. The Debtor then filed a Motion to Quash this notice and Trustee Fessenden responded. The bankruptcy court issued an Order on October 19, 1994, denying the Motion to Quash. This appeal by the Debtor followed.

## II. ANALYSIS

■ This Court's review of the bankruptcy court's conclusions of law is plenary. *In re BWL, Inc.,* 123 B.R. 675, 682 (D.Me.1991) ("Conclusions of law [made by a bankruptcy court] are subject to *de novo* review."). The Debtor argues on appeal that only a U.S. trustee may convene a section 341 meeting and, therefore, the Chapter 11 trustee lacked the authority to issue the notice at issue

here. Trustee Fessenden argues on appeal that, since the meeting of creditors has already occurred, the issue of whether he had the authority to convene the meeting is moot. Alternatively, Trustee Fessenden asserts that convening such meeting is an inherent power of a Chapter 11 trustee and that such powers are not reserved to U.S. Trustees exclusively.

■ As this Court observed in a previous bankruptcy appeal, "Mootness inquiries are nothing more than continuing assessments of standing over a period of time." *Bank of New England v. BWL,* 121 B.R. 413, 416 (D.Me.1990). Therefore, in order to ensure that a case presents a live controversy, thus permitting a federal court to exercise jurisdiction, "[a] plaintiff must demonstrate that he is suffering a concrete and direct injury, or the danger that such injury is posed by a real and immediate threat." *Id.*

■ Here, the Debtor has failed to demonstrate any potential or real injury that would be averted or remedied by reversing the bankruptcy court's decision on the Motion to Quash. This Court notes that after her Motion to Quash was denied, the Debtor attended and participated in the meeting of creditors. She did not seek a stay of the meeting pending the outcome of this appeal as permitted by Bankruptcy Rule 8005, or file any motion to delay or nullify the meeting prior to taking this appeal. Because the creditors' meeting has already occurred, affirming the bankruptcy court regarding the notice of the meeting would be of no consequence. Indeed, the Debtor's Reply Brief acknowledges that quashing the notice of the meeting will have no effect on Trustee Fessenden's legitimate aims when he called meeting (*i.e.,* investigating the Debtor's assets and preparing for an upcoming hearing on the Debtor's disclosure statement). As the Debtor herself admits, the only potential impact of a reversal here would be the effect of such action upon Trustee Fessenden's argument in another pending appeal.[1] Similarly, the Debtor has not convinced this Court of any reason to now declare the October 20 meeting a "nulli-

---

1. This issue has been pursued in another appeal and is fully considered in that appeal in the issue's proper context.

ty" when the Debtor did not seek a stay of the meeting pending the outcome of this appeal and, instead, attended and participated in the meeting. The strategic effect of a refusal to quash a meeting that has already taken place, with the Debtor's active participation, inflicts no "injury" on the Debtor that is a sufficient basis for this Court to reverse the bankruptcy court's decision.

In short, the Debtor has not addressed whether " 'decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties.' " *Celli v. Webb,* 696 F.Supp. 738, 739 (D.Me.1988) (quoting Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 3533.1 at 222, 224 n. 33).[2] The "once living" dispute of the propriety of Trustee Fessenden's Notice of Renewed § 341 Meeting ended with the passing of the meeting itself. Accordingly, this Court finds that nothing remains requiring disposition by this or any other court.

■ Even if the Debtor had articulated a "case or controversy" in this appeal, this Court would nonetheless affirm the decision of the bankruptcy court. The reasoning of the bankruptcy court persuades this Court that the Motion to Quash was properly denied. The Debtor argues that since the bankruptcy code provides that "[w]ithin a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors," 11 U.S.C. § 341(a), only a U.S. Trustee may convene such a meeting. This Court can find no authority to support the Debtor's argument that this provision operates to *preclude* a Chapter 11 trustee from convening a meeting of creditors. Moreover, elsewhere in the Bankruptcy Code, "United States Trustee" is defined to include a "designee" of the United States trustee. 11 U.S.C. § 102. The U.S. Trustee appoints the Chapter 11 trustee, 11 U.S.C.S. § 1104(a), and is charged with the duty to "supervise the administration of cases and trustees in cases under chapter [11 of title 11]." 28 U.S.C.S. § 586(a)(3); *see also,* 1 Collier Bankruptcy Manual § 6.04(2)(a)(i). Under these provisions, it was entirely appropriate for the bankruptcy court to consider the Chapter 11 trustee to be a designee of the U.S. Trustee.[3]

### III. CONCLUSION

Therefore, this Court *AFFIRMS* the bankruptcy court's October 19, 1994 Order Denying Debtor's Motion to Quash Notice of Renewed § 341 Meeting.

---

2. Trustee Fessenden has argued, and the Debtor all but admitted in her reply brief, in this appeal that the Debtor seeks reversal here merely to improve her posture in an appeal from the Bankruptcy Court's Order Sustaining Trustee's Objection to Debtor's Claim of Exempt Property entered on November 29, 1994. *In re Petit,* 174 B.R. 868 (Bankr.D.Me.1994). Both parties have briefed various aspects of whether the entry of such Order was proper. The appeal of the November 29 Order (Case No. 94–CIV–20–P–C) is not before this Court and has been disregarded in reaching its decision on the present appeal.

3. The United States Supreme Court has assumed that trustees, other than U.S. Trustees, have such authority. *See, e.g., Taylor v. Freeland & Kronz,* 503 U.S. 638, 639–41, 112 S.Ct. 1644, 1646–47, 118 L.Ed.2d 280, 285 (1992) (The Supreme Court noted that the Chapter 7 trustee there had, as part of his duties, convened a meeting of creditors pursuant to section 341 and Bankruptcy Rule 2003(a)).