USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1376 CATHERINE DUFFY PETIT, Plaintiff, Appellant, v. PETER C. FESSENDEN, TRUSTEE, ET AL., Defendants, Appellees.  ____________________ No. 95-1377 CATHERINE DUFFY PETIT, Plaintiff, Appellant, v. PETER C. FESSENDEN, TRUSTEE, ET AL., Defendants, Appellees.  ____________________ No. 95-1378 CATHERINE DUFFY PETIT, Plaintiff, Appellant, v. PETER C. FESSENDEN, TRUSTEE, ET AL., Defendants, Appellees.  ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________  ____________________ Cyr, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________  ____________________ Stephen F. Gordon, with whom Gordon & Wise was on brief for _________________ _____________ appellant. Peter C. Fessenden, with whom John G. Connor, Law Office of John __________________ ______________ __________________ G. Connor, James F. Molleur, Woodman & Edmands, P.A., U. Charles _________ ________________ _______________________ __________ Remmel, II, Kelly, Remmel & Zimmerman and Mark S. O'Brien, Special __________ _________________________ _______________ Assistant United States Attorney, were on brief for appellees.  ____________________ April 3, 1996  ____________________ 2 CYR, Circuit Judge. Plaintiff Catherine Duffy Petit, CYR, Circuit Judge. _____________ a chapter 11 debtor, appeals from a district court judgment affirming a bankruptcy court order allowing the chapter 11 trustee to reconvene a meeting of creditors several months after its indefinite adjournment, see Bankruptcy Code 341, 11 U.S.C. ___ 341; Fed. R. Bankr. P. 2003, thereby purportedly recommencing the 30-day limitation period within which a trustee may interpose objections to an exemption claim made by the debtor. See Fed. R. ___ Bankr. P. 4003(b). We affirm. I I BACKGROUND BACKGROUND __________ In June 1993, creditors initiated an involuntary chapter 7 proceeding against Petit in the United States Bankrupt- cy Court for the District of Maine. The bankruptcy court entered the order for relief under chapter 7 on December 10, 1993, following its denial of Petit's motion to dismiss the involuntary petition. See 11 U.S.C. 305(a). One week later, Petit filed a ___ motion to convert to chapter 11. See id. 348. At a hearing on ___ ___ February 2, 1994, and over the objection of the petitioning creditors, the bankruptcy court directed entry of an order for relief under chapter 11, and took under advisement the appoint- ment of a chapter 11 trustee.  Petit filed her statement of financial affairs (Official Form 7) and schedules (Official Form 6), including Schedule C (Property Claimed as Exempt), see id. 521(1), on ___ ___ February 25, 1994, asserting a claim to certain exemptions 3 prescribed under federal law, see id. 522(d)(11)(A) ("an award ___ ___ under a crime victim's reparation law"); 522(d)(11)(D) ("pay- ment[s], not to exceed $7500, on account of personal bodily injury"). In Schedule B, Petit listed as an exempt asset, inter _____ alia, the entire anticipated proceeds from a pending state-court ____ action against Key Bank, having an estimated value in excess of $25 million. On March 28, 1994, the order for relief under chapter 11 was entered on the bankruptcy court docket. The United States Trustee convened a meeting of credi- tors on May 17, 1994. See id. 341; Fed. R. Bankr. P. 2003. ___ ___ Before it ended, the meeting of creditors was "continued without date" by the Assistant United States Trustee. On June 17, the bankruptcy court approved the appointment of defendant-appellee Peter Fessenden, Esquire, as the chapter 11 trustee. Two months later, on August 22, Fessenden filed objections to the list of property claimed as exempt by Petit, particularly her claim to the anticipated proceeds from the pending legal action against Key Bank. Petit responded that the objection was time-barred by Fed. R. Bankr. P. 4003(b), because it was not filed until more than 30 days after the "conclusion" of the meeting of creditors. See Taylor v. Freeland & Kronz, 112 S. Ct. 1644, 1648-49 (1992). ___ ______ ________________ Fessenden meanwhile sent a notice to creditors that the continued meeting of creditors would be reconvened on October 20, thus purportedly extending until at least 30 days after October 20 the time for filing any objection to the list of property claimed exempt and rendering timely the objection filed by 4 Fessenden on August 22.  Petit then sought to quash the notice reconvening the meeting of creditors, contending in the alternative that (1) Bankruptcy Code 341 permits only the United States Trustee or an express "designee" and not an undesignated chapter 11 trustee to convene a meeting of creditors and that the United States Trustee had objected to reconvening the meeting of credi- tors scheduled by Fessenden; or (2) the 30-day deadline pre- scribed in Bankruptcy Rule 4003(b) for objecting to an exemption claim cannot be enlarged, citing the Supreme Court decision in Taylor, 112 S. Ct. at 1648 ("[Rule 4003(b)] [d]eadlines may lead ______ to unwelcome results, but they prompt parties to act and produce finality."). But cf. Mercer v. Monzack, 53 F.3d 1 (1st Cir.) ___ ___ ______ _______ (distinguishing Taylor), petition for cert. filed, 64 U.S.L.W. ______ ________ ___ _____ _____ 3439 (U.S. Dec. 12, 1995) (No. 95-970). Petit argued that allowing trustees to circumvent Taylor, through the simple ______ expedient of routine, indefinite adjournments of meetings of creditors, would deprive chapter 11 debtors of the benefit of the very policies of repose and finality acknowledged by the Supreme Court in Taylor. Petit urged, at the very least, that a meeting ______ of creditors adjourned without day be deemed "concluded" for purposes of the Rule 4003(b) time-bar if, as here, the United States Trustee (or chapter 11 trustee) fails to announce, within 30 days of the adjournment, a firm date for reconvening the meeting of creditors. See In re Levitt, 137 B.R. 881 (Bankr. D. ___ ____________ Mass. 1992); infra note 2. _____ 5 The bankruptcy court first denied the motion to quash the notice reconvening the continued meeting of creditors, then, after it had been reconvened, ruled that the Fessenden objection to Petit's exemption claim was not time-barred, In re Petit, 172 ___________ B.R. 706 (Bankr. D. Me. 1994) (Votolato, B.J.);1 Petit, 174 B.R. _____ 868 (Bankr. D. Me. 1994) (Votolato, B.J.).2 The district court  ____________________ 1The bankruptcy court ruled that Fessenden possessed unilateral authority to reconvene the meeting of creditors because Bankruptcy Code 102(9) defines the term "United States trustee" to include a "designee," the term "designee" is synony- mous with the term "appointee," and the United States Trustee had appointed Fessenden as the chapter 11 trustee. In light of our holding, we need not resolve this question. 2The bankruptcy court sustained the objections on the following grounds. First, it found In re Levitt inapposite _____________ because the indefinite adjournment of the meeting of creditors by the chapter 7 trustee in that case had been followed by an unreasonable 15-month delay in reconvening the meeting. Treating ________ the "reasonableness" of any delay in reconvening a meeting of creditors as a matter requiring case-by-case determination, the bankruptcy court noted several factors which indicated that the delay in this case was not unreasonable: (1) Fessenden did not become the chapter 11 trustee until after the initial meeting of creditors, in part because Petit, a "particularly litigious and obstructionist" debtor, had opposed the appointment of a chapter 11 trustee; (2) the Fessenden appointment, which occurred the same day the 30-day period prescribed in Bankruptcy Rule 4003(b) expired, followed the unexpected withdrawal or disqualification of other potential chapter 11 trustee candidates; (3) thus Fessenden was relegated to the role of a mere "spectator" at the initial May 17 meeting of creditors, and did not participate in questioning Petit regarding her schedules; (4) the Assistant United States Trustee had informed Petit at the initial meeting of creditors that although it was unlikely the meeting of creditors would be reconvened, "some special reason" might require it; and (5) Fessenden filed objections to the Petit exemption claims 66 days after his appointment.  On the merits, the bankruptcy court found the Petit exemp- tion claims here at issue frivolous, for two reasons. First, _________ Maine law does not permit residents to elect the federal slate of property exemptions, and Petit's contention that she was not a Maine resident was found to be "farcical." Her real and personal property was all located in Maine, where she also voted, received her mail, and secured her driver's license. She adduced no 6 affirmed. Petit v. Fessenden (In re Petit), 182 B.R. 59 (D. Me. _____ _________ ___________ 1995); Petit, 182 B.R. 57 (D. Me. 1995). _____ II II DISCUSSION DISCUSSION __________ A. Standard of Review A. Standard of Review __________________ In a bankruptcy appeal, the conclusions of law made by the district court are subject to plenary review; whereas the facts found by the bankruptcy court are reviewed only for clear error. See Indian Motocycle Assocs. III Ltd. Partnership v. ___ _______________________________________________ Massachusetts Hous. Fin. Agency (In re Indian Motocycle Assocs. ________________________________ _______________________________ III Ltd. Partnership), 66 F.3d 1246, 1249 (1st Cir. 1995).  ____________________ B. The Claim of Exemptions B. The Claim of Exemptions _______________________ Although Petit renews on appeal most of the arguments made below, we do not reach them, see Juniper Dev. Group v. Kahn ___ ___________________ ____ (In re Hemingway Transp.), 993 F.2d 915, 935 (1st Cir.) (court of _______________________ appeals may affirm on any ground established by the record, whether or not raised or addressed in the bankruptcy court), cert. denied, 114 S. Ct. 303 (1993), since she has not met the _____ ______ first indispensable precondition to a valid claim of exemptions: a timely claim of exemptions. See Fed. R. App. P. 11(a); Byrd ______ ___ ____  ____________________ concrete evidence that she had resided in Massachusetts for 180 days prior to the involuntary chapter 7 petition. Second, even if Petit had been permitted by Maine law to claim the federal exemptions, she had not established that the pending lawsuit against Key Bank involved a claim arising "under a crime victim's reparation law," see 11 U.S.C. 522(d)(11)(A), or for "pay- ___ ment[s] . . . on account of personal bodily injury," see id.  ___ ___ 522(d)(11)(D). Further, Petit had not claimed these exemptions under 522(d) (11)(E) (compensation for "loss of future earn- ings") because Schedule C did not cite to 522(d)(11)(E).  7 v. Ronayne, 61 F.3d 1026, 1029 n.4 (1st Cir. 1995) (appellant _______ must include in appellate record all materials essential to appellate claim).  A debtor must list the property claimed as exempt under Bankruptcy Code 522 within the applicable time limit prescribed in Bankruptcy Rule 1007. See Fed. R. Bankr. P. 4003(a). An ___ alleged debtor in an involuntary case must file schedules, including any Schedule C Property Claimed as Exempt, "within 15 days after the entry of the order of relief." Fed. R. Bankr. P. 1007(c). Schedules duly filed in a chapter 7 case are "deemed filed in a superseding case unless the court directs otherwise." Id. Any extension of the filing deadlines prescribed by Bank- ___ ruptcy Rule 1007(c) "may be granted only on motion for cause shown and on notice to the United States trustee and to any committee elected pursuant to 705 or appointed pursuant to  1102 of the Code, trustee, examiner, or other party as the court may direct." Id.; see also Fed. R. Bankr. P. 9006(b)(1) ___ ___ ____ (imposing a heightened showing of "excusable neglect" where the motion to extend the time for filing is made after the expiration of the original 15-day filing period).  Petit filed no schedules until February 25, 1994, despite the fact that the order for relief under chapter 7 had been entered on December 10, 1993, which meant that her schedules were due not later than December 26, 1993, absent a timely motion to extend the filing period for cause shown or excusable neglect. Nonetheless, no request to extend the filing time was ever made 8 pursuant to Bankruptcy Rule 1007(c). See, e.g., Bryant v. Smith, ___ ____ ______ _____ 165 B.R. 176, 181-82 (W.D. Va. 1994) ("The court finds that untimely filed schedules waive a debtor's exemption unless the untimely filing is permitted by the bankruptcy judge in his discretion for cause shown or excusable neglect.").  During the 15-day window allowed under Bankruptcy Rule 1007(c), Petit did file a motion to convert the chapter 7 case to chapter 11, but this motion neither excused the failure to comply with Bankruptcy Rule 1007(c), nor tolled the 15-day filing period. Finally, the automatic "deeming" provision in Bankruptcy Rule 1007(c), see supra p. 8, can afford no refuge since no ___ _____ chapter 7 schedules were ever filed. Nor did the chapter 11 schedules eventually filed by Petit cure her procedural default. First, although an order of conversion constitutes an "order for relief" under the chapter to which the case is con- verted, see 11 U.S.C. 348(a), it "does not effect a change in ___ the date of . . . the order for relief." That is to say, "[s]ec- tion 348(a) provides that 'those provisions of the Code which are keyed to the date of entry of the order for relief for their operation are unaffected . . . by conversion.'" F & M Marquette _______________ Nat'l Bank v. Richards, 780 F.2d 24, 25 (8th Cir. 1985) (quoting __________ ________ 2 Lawrence P. King, Collier on Bankruptcy 348.02 (15th ed. ______________________ 1979)); see Schwartz v. Jetronic Indus., Inc. (In re Harry Levin, ___ ________ _____________________ __________________ Inc.), 175 B.R. 560, 570 (Bankr. E.D. Pa. 1994); Leydet v. Leydet ____ ______ ______ (In re Leydet), 150 B.R. 641, 642 (Bankr. E.D. Va. 1993). Since _____________ 9 the time limits prescribed in Bankruptcy Rules 1007(c) and 4003(a) are keyed to the date of the order for relief, which had already been entered on December 10, 1993, the order of conver- sion could not effect an automatic extension of the 15-day deadline (December 26, 1993) for filing schedules. Second, Petit inexplicably made matters more problemat- ic by disregarding a ready opportunity, and her clear responsi- bility, to cure the procedural default by complying with an explicit bankruptcy court order directing her to file chapter 11 schedules not later than February 23, 1994. See Fed. R. Bankr. ___ P. 9006(b), (c). Instead, Petit failed to file the required chapter 11 schedules until February 25, two days beyond the deadline. Thus, Petit's chapter 11 schedules were time-barred even viewed in the most favorable light, without regard to her failure to notify the United States Trustee of her intention to request an extension under Rule 4003(a) or to allege or demon- strate either excusable neglect or good cause. See Fed. R. ___ Bankr. P. 1007(c), 9006(b)(1).  The Taylor Court recognized that a debtor should not be ______ indefinitely or unreasonably delayed in reacquiring property while the trustee or creditors ponder whether or not to lodge objections to a claim of exemptions. See Taylor, 112 S. Ct. at ___ ______ 1644; In re Young, 806 F.2d 1303, 1305 (5th Cir. 1987); Fed. R. ___________ Bankr. P. 4003(b), 9006(b)(3) (trustee must move for filing extension before end of 30-day period). Unless and until a debtor files a timely claim of exemptions, however, as required 10 by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, there is no "list of property claimed exempt" for the trustee or creditors to oppose. See, e.g., Redfield v. Peat, ___ ____ ________ _____ Marwick and Co. (In re Robertson), 105 B.R. 440, 450 (Bankr. N.D. _______________ _______________ Ill. 1989) ("The Debtor and other Defendants here who seek the normal benefit that flows from a timely claim of exemption not timely objected to, rest their contention on a late-filed claim that the Court never allowed to be filed. . . . In this case, the exemption claim late-filed without notice, motion, or leave of Court, is not entitled to the automatic allowance that Bankr. R. 4003(a) gives to a timely filed exemption claim if it is not timely objected to. He who seeks to benefit by the Bankruptcy Rules must abide by them."). In these circumstances, the princi- ple of repose relied upon in Taylor supports the rulings below. ______ Taylor, 112 S. Ct. at 1648 ("[Rule 4003(b)] deadlines may lead to ______ unwelcome results, but they prompt parties to act and produce finality.").3  The district court judgment is affirmed and the case is The district court judgment is affirmed and the case is _______________________________________________________ remanded to the bankruptcy court for further proceedings consis- remanded to the bankruptcy court for further proceedings consis- _________________________________________________________________ tent with this opinion. Costs are awarded to appellees.  tent with this opinion. Costs are awarded to appellees. ______________________ ______________________________  ____________________ 3In opposing Petit's claim of exemptions, the chapter 11 trustee agreed, in principle, not to oppose her claim of exemp- tions insofar as it pertained to legitimate state-law exemptions, if any. Consequently, we express no opinion on the preliminary and related question whether, upon remand to the bankruptcy court, Petit should prevail on any motion to extend the time in which to file such a claim of exemptions for good cause or excusable neglect. 11