**Catherine Duffy PETIT,
Debtor–Appellant,**

v.

**Peter C. FESSENDEN, Chapter
11 Trustee–Appellee.**

**Civ. No. 95–20–P–C.**

United States District Court,
D. Maine.

March 10, 1995.

---

Stephen F. Gordon, Gordon & Wise, Boston, MA, for appellant Catherine Duffy Petit.

Peter C. Fessenden, Ranger, Fessenden & Copeland, P.A., Brunswick, ME, for appellee Peter C. Fessenden, Trustee.

Gerrard F. Kelley, U.S. Trustee, Portland, ME.

Mark S. O'Brien, U.S. Small Business Admin., Augusta, ME, for creditor Small Business Admin.

U. Charles Remmel, II, Kelly, Remmel & Zimmerman, Portland, ME, for creditor P & M Associates, Inc.

John G. Connor, Portland, ME, for creditor New England Mortg. Services Co., Inc.

James F. Molleur, Woodman & Edmands, Biddeford, ME, for creditor New England Businessmen's Ass'n.

### MEMORANDUM AND DECISION AFFIRMING ORDER OF THE BANKRUPTCY COURT

GENE CARTER, Chief Judge.

In this Chapter 11 case, the Debtor–Appellant Catherine Duffy Petit ("Debtor") brings an appeal seeking reversal of the Order Sustaining Trustee's Objection to the Debtor's Claim of Exempt Property entered by the bankruptcy court on November 29, 1994. *In re Petit,* 174 B.R. 868 (Bankr.D.Me.1994). The Debtor argues that the objection filed by Chapter 11 trustee Peter C. Fessenden ("Trustee Fessenden") was untimely under Rule 4003(b) of the Federal Rules of Bankruptcy Procedure, and, therefore, the bankruptcy court erred in sustaining the objection.

### I.  FACTS

The essential facts relevant to this appeal are not in dispute. The Debtor's case began on June 4, 1993, as an Involuntary Petition under Chapter 7 and was later converted to a Chapter 11 case by the Debtor; the conversion was confirmed by the bankruptcy court on March 24, 1994. The Debtor filed her schedules on February 25, 1994, and listed among her exemptions two contingent unliquidated claims.[1] The Debtor stated that her

---

**1.** These unliquidated claims were listed on Schedule B, item 20 and identified by the bankruptcy court as:

bases for claiming these to be exempt were title 11 United States Code sections 522(d)(11)(A) and (D). A "meeting of creditors" pursuant to the bankruptcy code was held on May 17, 1994, at which the United States Trustee presided. 11 U.S.C. § 341. Trustee Fessenden had not yet been appointed as Chapter 11 trustee but nonetheless attended the May 17 meeting. On June 6, 1994, the United States Trustee moved for the appointment of Trustee Fessenden as Chapter 11 trustee and, on June 16, 1994, the bankruptcy court docketed an order granting the United States Trustee's motion.

Trustee Fessenden filed an objection to the Debtor's claims of exemption on August 16, 1994. The Debtor responded by filing an opposition to Trustee Fessenden's motion and moved the bankruptcy court to strike the objection as untimely. The Debtor stated in her opposition that Trustee Fessenden's objection was untimely because Bankruptcy Rule 4003(b) requires such objections to be filed within thirty days of a section 341 meeting's conclusion, which the Debtor claims occurred on May 17, 1994. On October 1, 1994, Trustee Fessenden filed a notice advising the bankruptcy court, the Debtor, and all creditors that the meeting of creditors pursuant to section 341 would reconvene on October 20, 1994. The meeting was held as scheduled, with Trustee Fessenden presiding, and was attended by the Debtor.[2] The bankruptcy court subsequently granted Trustee Fessenden's objection and denied the Debtor's opposition and Motion to Strike, concluding:

> (1) that the Trustee's objection was timely filed; (2) that the Trustee's objection to the Debtor's exemptions, *as claimed*, should be and is SUSTAINED; and (3) that as a resident of Maine, the Debtor may not claim property as exempt under

11 U.S.C. § 522, but is limited to the Maine state exemptions.

*In re Petit*, 174 B.R. at 870 (emphasis in original). This appeal by the Debtor followed. Trustee Fessenden filed a cross-appeal.[3]

## II. DISCUSSION

### A. The Timeliness of Trustee Fessenden's Objection

█ This Court's review of the bankruptcy court's conclusions of law is plenary. *In re BWL, Inc.*, 123 B.R. 675, 682 (D.Me.1991) ("Conclusions of law [made by a bankruptcy court] are subject to *de novo* review."). The bankruptcy court determined that Trustee Fessenden timely filed his objection to the Debtor's claims of exemption since the meeting of creditors did not conclude on May 17 and, therefore, the thirty-day period in which he must file any objection had not yet commenced. The Debtor argues in this appeal that the meeting was terminated on May 17, rendering the objection filed on August 16, 1994, untimely.

Section 341 provides that "[w]ithin a reasonable time after the order for relief in a case under this title, the United States Trustee shall convene and preside at a meeting of creditors." 11 U.S.C. § 341(a). The Rules of Bankruptcy Procedure provide that the "meeting" may actually consist of several meetings since it "may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further notice." Fed.R.Bankr.P. 2003(e). In a recent decision, a bankruptcy court commented:

> Some question has been raised as to whether [the language of Rule 2003(e) ]

---

(1) "Pending lawsuit against Key Bank—CV–86–608 in York County Superior Court and other related claims." The value of the cause of action was listed as "excess of $25,000,-000.00."
(2) "Possible attorney malpractice claims." The current market value was listed as "Unknown."
*In re Petit*, 174 B.R. 868, 871 (Bankr.D.Me.1994).

**2.** Prior to the October 20 meeting, the Debtor filed a Motion to Quash Notice of Reconvened § 341 Meeting which was denied by the bank-

ruptcy court, *In re Petit*, 172 B.R. 706 (Bankr. D.Me.1994), *aff'd sub nom. Petit v. Fessenden*, 182 B.R. 57 (D.Me.1995).

**3.** Trustee Fessenden, in his cross-appeal, argues that the bankruptcy court had a proper basis, notwithstanding Trustee Fessenden's objection, to disallow the Debtor's claimed exemptions under title 11 United States Code section 105. Since this Court concludes that Trustee Fessenden's objection was timely filed, it is not necessary to address the merits of the cross-appeal.

limits the [United States Trustee] to adjournments to a specific date announced at the meeting. This reading seems unduly constrictive. The more natural meaning of the language is that if the date and time of an adjournment are announced at the meeting, no written notice need be given. *In re Havanec,* 175 B.R. 920, 922 (Bankr. N.D.Ohio 1994).

A trustee or creditor's right to object to a debtor's claim of exemptions is set out in Bankruptcy Rule 4003(b) which provides, in pertinent part, "The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days *after the conclusion of* the meeting of creditors held pursuant to Rule 2003(a)." (emphasis added). The matter for the bankruptcy court's resolution was whether the meeting of creditors "concluded" on May 17, rendering the August 16, 1994, objection untimely, or, on the other hand, whether the meeting was merely adjourned until a later date.

The transcript from the May 17 meeting indicates that the final words of the United States Trustee were: "All right, for probably the third time, this meeting is continued without a date." Affidavit of Stephen Gordon, counsel for the Debtor, at 37. Prior to making that remark, the United States Trustee instructed the creditors that the normal practice in the district was to hold only one creditors' meeting but he also explained that, should it prove necessary, the meeting would be reconvened and the creditors would receive notice. *Id.* The debtor at no point made any request to the United States Trustee that the meeting be concluded and made no objection to his statement that it would be "continued without a date." There is, therefore, no basis on which it can be determined what reasons might have been asserted for such a request or objection, the reasonableness or propriety of such a request or objection in the then-existing circumstances, whether there was some sufficient reason to continue rather than to conclude the meeting, or what action the United States Trustee might have taken. In the absence of any generation of this issue before either the United States Trustee or the bankruptcy court, it could be taken to have

been waived. In any event, no record has been made on which the Court, on the merits of the issue if it were to consider them, can determine that the failure to conclude the meeting was "reasonable or otherwise." *Havanec,* 175 B.R. at 923. *See infra* p. 63.

■ The Debtor argues that, even if the United States Trustee had not intended to formally conclude the meeting on May 17, the thirty-day deadline under Rule 4003(b) nonetheless began on that date. To support this position, the Debtor asserts that a decision of the bankruptcy court for the District of Massachusetts suggests the appropriate approach for this Court. In *In re Levitt,* a Chapter 7 trustee continued the creditors' meeting generally and, nearly two months later, filed an objection to the debtor's listed exemptions. *In re Levitt,* 137 B.R. 881 (Bankr.D.Mass.1992). When the evidentiary hearing on the trustees' motion was held thirteen months later, the meeting of creditors had not been reconvened at any point during the interim period.

The bankruptcy court in *Levitt* noted that the matter of whether the meeting of creditors should be deemed to have concluded is a mixed question of fact and law. The court concluded nonetheless that, while there is no express guidance on this issue from the Federal Rules of Bankruptcy Procedure, the policy of Rules 2003(e) and 4003(b) imply that the "option of adjournment not be used to delay indefinitely that date by which the objections to claimed exemptions must be filed." *In re Levitt,* 137 B.R. at 883. Stressing the importance of finality in bankruptcy proceedings, the court stated:

Thirty days is ample time in any case for the trustee to at least announce the adjourned date. Therefore, the Court holds that where the trustee fails to announce an adjourned date and time within thirty days of the date on which the meeting of creditors was last held, the meeting will be deemed to have concluded on the last meeting date.

*Id.* The Debtor urges this Court to adopt a similar rule in this case.

The bankruptcy court here declined to follow *Levitt* since it concluded that "the facts [of this case] are so totally different that *Levitt* is not applicable." *In re Petit*, 174 B.R. at 871. For instance, the court noted that the *Levitt* opinion was written in the context of a Chapter 7, not Chapter 11, case; therefore, the need for finality was not as acute. *See also Havanec*, 175 B.R. at 922. The court placed greater weight, however, on the fact that, at the May 17 meeting, no Chapter 11 trustee had been appointed. The court also noted the long and complex proceedings in this case due, in part, to the "particularly litigious and obstructionist Debtor." *Id.*

■ After reviewing Judge Kenner's decision in *Levitt*, and according it substantial consideration, this Court declines to adopt her "thirty-day rule" here.[4] One cannot argue with her recognition that adjournment cannot be used to *indefinitely* postpone resolution of a bankruptcy case and, under the facts presented in *Levitt*, that it was reasonable for the court there to conclude that fifteen months was an unreasonable length of time to adjourn a meeting.

However, adopting a rule imposing a firm deadline of thirty days would impede justice in the present case. As mentioned above,

notwithstanding his attendance at the May 17 meeting, Trustee Fessenden did not have any standing in this case until some weeks after the meeting. The time spent by Trustee Fessenden evaluating the history of this case and filing his objection was not unreasonable under the circumstances presented. This is not a case such as *Levitt*, where a trustee adjourns a meeting indefinitely and then does nothing in the case for over a year. Moreover, although it is not a dispositive factor here, Trustee Fessenden did, in fact, reconvene the meeting of creditors in October, in which creditors and the Debtor fully participated.[5]

## B. The Bankruptcy Court Correctly Granted Trustee Fessenden's Objection

■ Turning to the merits of Trustee Fessenden's objection, this Court sustains the bankruptcy court's disposition. Trustee Fessenden objected to the Debtor's claimed exemption of the two causes of action on the basis that the Debtor had asserted title 11 United States Code section 522(d) as the statutory authority for the exemption, while the exemptions set out in that section are not available to Maine residents. Maine is an "opt out" state, meaning that a debtor must

---

4. This Court recognizes the appeal, however, of having such a rule in place. It is unfortunate that a matter as important as the timeliness of objections of claimed exemptions hinges on the questionable determination of when the conclusion of the creditors meeting occurs. The proper filing of an objection to an exemption is of particular importance because the statute specifically provides that "[u]nless a party in interest objects, the property claimed as exempt on such list *is exempt.*" 11 U.S.C. § 522(*l*) (emphasis added). The statute, rules, and case law provide no guidance as to when the thirty-day period begins to run if these meetings are adjourned generally or under circumstances similar to those here. Problems are foreseeable even under the *Levitt* rule since a party must wait thirty days after a general adjournment to determine if it is a "conclusion" but, by that time, the deadline to object has passed as well.

Judge Kenner's conclusion that "[t]hirty days is ample time *in any case* for the trustee to at least announce the adjourned date," *Levitt*, 137 B.R. at 883, (emphasis added), overreaches the basis of its own purpose because cases are imaginable in which the trustee's delay beyond thirty days is not, in all of the circumstances, unreason-

able or caused by any improper motive on the trustee's part. This is precisely such a case. Since the *Levitt* rule is, after all, only a judicial gloss on an aspect of the statute's application on which the statute is itself silent, and because it addresses a fact complex in which the actions of the trustee are to be assessed in terms of concepts of reasonableness and fairness, there seems to be good and deliberate reasons that such a rule not be apodictically applied. Rather, a rule recognizing the policy concerns articulated by Judge Kenner but nonetheless made flexible by allowing it to be applied on a case-by-case basis in the circumstances of each case, seems sufficient to control the discrete evil she perceives. A principled exercise in *ad "hoc-ery"* also give recognition to the parallel need for substantial justice in all cases.

5. As an aside, this Court notes that the Bankruptcy Court for the Northern District of Ohio recently considered, but declined to follow, the *Levitt* rule. The court in *Havanec* noted the importance of accommodating the "substantial discretion" afforded to a trustee's responsibilities regarding creditors meetings. *In re Havanec*, 175 B.R. 920, 923 (Bankr.N.D.Ohio 1994).

claim property as exempt under state law rather than section 522(d) in the bankruptcy code. 14 M.R.S.A. § 4426. The bankruptcy court rejected the arguments of the Debtor, not raised in this appeal, that she was a Massachusetts resident 180 days prior to filing, since the same issue had been decided against the Debtor in a prior dispute in the case. The court also rejected the Debtor's attempts to fit the listed exemptions under Maine law, but indicated that it would permit the Debtor to amend her schedules, upon proper notice to Trustee Fessenden, so that she may properly assert Maine law as the basis for any exemptions.

### III. CONCLUSION

Therefore, this Court *AFFIRMS* the bankruptcy court's November 29, 1994, Decision and Order Sustaining Trustee's Objection to Debtor's Claim of Exempt Property.