**In re Philip V. DeCAROLIS, Debtor.**

**Premier Capital, Inc., Appellant,**

**v.**

**Philip V. DeCarolis and Timothy P. Smith, Trustee, Appellees.**

**No. NH 00–090.**

United States Bankruptcy Appellate Panel of the First Circuit.

March 15, 2001.

Michael J. Atkins, Atkins Law Offices, P.C., Nashua, NH, Thomas H. Curran, Carolyn A. Bankowski and Curran Coffey, LLP, Boston, MA, on brief for the Appellant.

Michael S. Askenaizer, Nashua, NH, on brief for the Appellees.

Timothy P. Smith, Manchester, NH, trustee.

Before DE JESÚS, HILLMAN, FEENEY, Bankruptcy Appellate Panel Judges.

HILLMAN, Bankruptcy Judge.

Premier Capital, Inc. ("Premier") appeals an order of the United States Bankruptcy Court for the District of New Hampshire which granted a motion under 11 U.S.C. § 522(f) to avoid Premier's attachment lien on an individual retirement account maintained by Chapter 7 debtor

Philip V. DeCarolis ("Debtor"). For the reasons set forth below we AFFIRM the decision below.

## Appellate Jurisdiction and Standard of Review

We have jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 158(a) and (c). The order below disposes of a discrete dispute within a larger case and is appealable. *Estancias La Ponderosa Development Corp. v. Harrington (In re Harrington)*, 992 F.2d 3, 5 (1st Cir.1993); *Tringali v. Hathaway Machinery Co., Inc.*, 796 F.2d 553, 558 (1st Cir. 1986). The facts are not in dispute. We will apply a de novo review to the conclusions of law. *Grella v. Salem Five Cent. Sav. Bank*, 42 F.3d 26, 30 (1st Cir.1994).

## Factual Background

More than a decade before he filed his original petition in this case, Debtor became indebted to Premier's predecessor, the Merchants National Bank of Manchester. In May, 1999, the loan was in arrears and Premier brought suit against Debtor in the New Hampshire superior court. In that action, Premier sought and obtained an *ex parte* attachment against "all money, goods, chattels, rights and credits of defendant Philip V. DeCarolis" in the hands of Solomon Smith Barney ("Smith Barney"), named as a trustee defendant.

On March 15, 2000, Debtor sought relief under Chapter 7 of the Bankruptcy Code. In Schedule B to his petition, Debtor listed an individual retirement account with Smith Barney with a current value of $68,000.00 ("IRA").[1] In Schedule C he claimed the entire account as exempt pursuant to N.H.Rev.Stat. Ann. § 511:2(XIX).

The meeting required by 11 U.S.C. § 341(a) was held and Premier's counsel attended. Although Premier questioned the Debtor about the IRA, it did not file an objection to the claim of exemption. Debtor subsequently filed a motion pursuant to 11 U.S.C. § 522(f) to avoid Premier's lien.

Premier objected to the motion and raised several issues. First it offered to prove that the Debtor had sold non-exempt assets in the amount of $12,000.00 and converted them into the IRA account. It sought additional time for discovery in that regard. It contends that this fact, if true, would demonstrate that Debtor is not entitled to the exemption because the statutory exemption only applies to the amount placed in the IRA account which is income tax exempt, $2,000.00 per year.

Judge Vaughn disagreed with both arguments advanced by Premier. As to the first, he ruled that any argument regarding the source of the original funding for the IRA, ten years before the bankruptcy filing, was no longer viable. As to the latter, he ruled that "you can put as much money as you want into an IRA. The question is how much is tax exempt." Judge Vaughn granted the motion to avoid the lien.

The motion was granted and the attachment lien avoided. This appeal followed.

## Arguments of the Parties

On appeal, Premier contends that the trial court had an initial obligation to determine whether Debtor was entitled to the claimed exemption in the context of the § 522(f) motion, notwithstanding Premier's failure to object to the claim within the time allowed after the § 341(a) meeting.[2] It argues that the court "should have allowed Premier to examine the Debtor as to why the claimed exemption was improper." Premier presses as the sole reason the exemption was improperly claimed its argument below that because the initial funding of the IRA exceeded

---

1. By the time of hearing on the motion here at issue, the value of the account had grown to $75,000.

2. Judge Vaughn appears to have assumed that Premier's position was correct in this regard, as he did not allude to a time bar to the objection. However, because we reach the same result by a different route, we consider our discussion below to be warranted.

$2,000, the account does not qualify for the exemption provided by the New Hampshire statute.[3] Premier does not contest that the facts presented below justify avoidance of its lien if Debtor is in fact entitled to the claimed exemption. Debtor argues that the proper interpretation of the New Hampshire statute demonstrates his entitlement.

## Discussion

### I. Preclusion by Inaction?

■ Debtor scheduled an exemption for the IRA account in his original filing as required by 11 U.S.C. § 522(l). No objection was filed. "Unless a party in interest objects, the property claimed as exempt ... is exempt." *Id.* The Supreme Court has held that even where a debtor has no basis in law for claiming an exemption, once the 30–day objection period of Fed. R. Bankr.P. 4003(b)[4] has expired, the property is incontestably exempt. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643–44, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). There is conflicting evidence in the record as to whether the trustee adjourned the § 341(a) meeting or continued it generally. The trustee's minutes indicate that it was adjourned.[5] However, at the hearing below Premier's counsel asserted repeatedly that the meeting had not been concluded[6] and is to be rescheduled.[7] Counsel for Debtor did not rise to object to these assertions, nor did the trustee, who was also present at the time. We conclude that the minutes are in error and that the trustee did continue the meeting but not to a date certain.

The legal effect of a continuance *sine die* is the subject of conflicting decisions in this circuit. In the first decision, issued shortly before *Taylor*, Judge Kenner agreed that "a trustee ... has the option of announcing that the meeting will be continued to a date to be announced later", *In re Levitt*, 137 B.R. 881, 883 (Bankr. D.Mass.1992), but required that the date of continuance be fixed within 30 days:

> ...the Court holds that where the trustee fails to announce an adjourned date and time within thirty days of the date on which the meeting of creditors was last held, the meeting will be deemed to have concluded on the last meeting date.

*Ibid.*

In *Petit v. Fessenden*, 182 B.R. 59 (D.Me.1995), *aff'd on other grounds*, 80 F.3d 29 (1st Cir.1996), Judge Carter accepted that the trustee may continue the meeting without setting a continuation date, but declined to adopt the firm "thirty-day rule." *Id.* at 63. Instead, he looked at the facts of the case before him and held the delay "not unreasonable under the circumstances presented." *Ibid.* See also *In re Flynn*, 200 B.R. 481, 483–484 (Bankr.D.Mass.1996) (meeting may be continued generally "and is not concluded until the trustee so declares or the court so orders").

■ We agree with the cases cited that the trustee may continue the meeting of creditors without setting a date, but dis-

---

**3.** During oral argument Premier contended that it should be allowed to investigate whether the account itself was qualified even if we find that the statutory qualification applies to the account and not to the deposits therein. "It is the general rule in this circuit that arguments not raised in the trial court cannot be raised for the first time on appeal." *Capitol Bank & Trust Co. v. 604 Columbus Ave. Realty Trust (In re 604 Columbus Ave. Realty Trust)*, 968 F.2d 1332, 1343 (1st Cir.1992) The "exceptional circumstances" which might create an exception to the general rule, as set out in that case, *id.*, are not present here.

**4.** "The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a), or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court." Fed. R. Bankr.P. 4003(b) *passim*.

**5.** *Appellee's Appendix* 46.

**6.** *Appellant's Appendix* 31, 34, 35, 36.

**7.** *Appellant's Appendix* 35.

agree with *Levitt's* setting of a firm outer limit. On the facts of the present case it is not necessary to adopt either the *Petit* or *Flynn* formulation as to when the objection period ends. Applying *Petit* we would find that the time which has elapsed is not unreasonable under the circumstances presented, and neither of the triggering events described in *Flynn* have occurred. We therefore hold that the time has not yet run in which a party in interest could file an objection to Debtor's exemption of the IRA as claimed. From this it follows that Rule 4003(b) does not bar Premier from challenging the exemption.

## II. Testing an exemption under § 522.

 Debtor has the burden of proof on all avoidance issues. *In re Kerbs*, 207 B.R. 211, 214 (Bankr.D.Mont.1997). He must establish the four applicable elements of § 522(f) to avoid Premier's lien on the IRA:

(1) Debtor has an interest in the IRA;

(2) Debtor is entitled to an exemption in the IRA; [8]

(3) The lien impairs that exemption; and

(4) The lien is a judicial lien.

Elements (1) and (4) are not in issue. Element (3) hinges on (2); that is, if the debtor is entitled to an exemption in the IRA, Premier's lien would impair that exemption, as the New Hampshire statute grants an unlimited exemption in qualifying accounts.

## III. The statutory language.

 The New Hampshire statute reads:

The following goods and property are exempted from attachment and execution:

. . . .

XIX. Subject to the Uniform Fraudulent Transfer Act, RSA 545–A, *any interest in a retirement plan or arrangement qualified for tax exemption purposes under present or future acts of Congress;* provided, any transfer or rollover contribution between retirement plans shall not be deemed a transfer which is fraudulent as to a creditor under the Uniform Fraudulent Transfer Act. "Retirement plan or arrangement qualified for tax exemption purposes" shall include without limitation, trusts, custodial accounts, insurance, annuity contracts, and other properties and rights constituting a part thereof. *By way of example and not by limitation, retirement plans or arrangements qualified for tax exemption purposes permitted under present acts of Congress include* defined contribution plans and defined benefit plans as defined under the Internal Revenue Code (IRC), *individual retirement accounts* including Roth IRAs and education IRAs, individual retirement annuities, simplified employee pension plans, Keogh plans, IRC section 403(a) annuity plans, IRC section 403(b) annuities, and eligible state deferred compensation plans governed under IRC section 457. This paragraph shall be in addition to and not a limitation of any other provision of New Hampshire law which grants an exemption from attachment or execution and every other species of forced sale for the payment of debts. This paragraph shall be effective for retirement plans and arrangements in existence on, or created after, January 1, 1999, but shall apply only to extensions of credit made, and debts arising, after January 1, 1999.[9]

---

**8.** We agree with Judge Haines that, even if *Taylor* were applicable, "its rule does not foreclose a secured creditor from defending a § 522(f) or 522(h) action by denying that the property involved is exempt under applicable law." *In re Maylin*, 155 B.R. 605, 613 (Bankr.D.Me.1993).

**9.** The exception for preexisting extensions of credit and debts is preempted by the Bankruptcy Code. *Patriot Portfolio, LLC v. Wein-*

N.H.Rev.Stat. Ann. § 511:2(XIX) (emphasis added).

Our reading is that the phrase "qualified for tax exemption purposes" modifies "plan or arrangement" and not "interests." This follows logically from its placement in the sentence: "any interest in a retirement plan or arrangement qualified for tax exemption purposes." If Premier's reading were correct, the drafters would have reversed the order and written "any interest qualified for tax exemption purposes in a retirement plan or arrangement." The qualification of the plan is not properly in issue here.[10] If the plan is qualified, we need not look at the amount or treatment for tax purposes of any particular contribution.

## IV. Conclusion

For the reasons stated, the decision below is AFFIRMED.

stein (In re Weinstein), 164 F.3d 677 (1st Cir. 1999), cert. denied, 527 U.S. 1036, 119 S.Ct. 2394, 144 L.Ed.2d 794 (1999).

10. See n. 3, supra.