In re Ernest F. FRIEDLANDER, Debtor.

No. 97–48048.

United States Bankruptcy Court, D. Massachusetts, Western Division.

Oct. 23, 2002.

Christine Carey, Revere, MA, Ian Crawford, Todd & Weld, Edward NMI Foye, Todd & Weld, Boston, MA, for creditor.

John D. Leone, Leone & Leone, Arlington, MA, for debtor.

Matthew D. Rockman, Attorney at Law, Worcester, MA, for trustee.

## MEMORANDUM OF DECISION

JOEL B. ROSENTHAL, Bankruptcy Judge.

The matter comes before this Court on the debtor's Motion to Have Property

Deemed Abandoned [# 59] and the creditor's Opposition to Debtor's Motion to Have Property Deemed Abandoned [# 61].[1] The issue presented is whether the time allowed for objections has passed, pursuant to Fed. R. Bankr.P.2003(e) and 4003(b). The Court finds that the time to file objections has passed, and that there were no timely objections filed. Therefore the debtor's Motion to Have Property Deemed Abandoned is ALLOWED.

## I. Background

On November 18, 1997, Ernest Friedlander (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Code" or the "Bankruptcy Code"). Matthew Rockman was appointed as the trustee (the "Trustee"). The first and only meeting of the creditors was held on December 30, 1997. Present for the meeting were Matthew Rockman, Ernest Friedlander, Attorney John Buoni, and Frank Collins. At the end of this meeting, the Trustee continued the meeting generally and stated ". . . in light of the general continuance I will state that I am aware and creditors present should be aware that a general continuance will not extend any bar dates that are tied to the first meeting of the creditors." (Unofficial Transcript of § 341 Meeting p. 14).[2] To date, the Trustee has made no attempt to reconvene the meeting of creditors.

On September 12, 2002, the Debtor filed a Motion to Have Property Deemed Abandoned in reference to stock owned in Exeter International Realty Corporation. Subsequently, Consultants Collaborative, Ltd. (the "Creditor") filed an opposition. This Court heard oral arguments of counsel and took the matter under advisement.

## II. Discussion

■ Objections to a debtor's claimed exemptions must be filed within thirty days after the conclusion of the creditors meeting held pursuant to 11 U.S.C. § 341(a). Fed. R. Bankr.P. 4003(b). Once this thirty-day period has passed, the Trustee can no longer contest exemptions, regardless of their merit. *Taylor v. Freeland & Kronz,* 503 U.S. 638, 643–44, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). Rather than concluding the meeting after the first hearing, the Trustee also has the option to continue the meeting to a later date. Fed. R. Bankr.P.2003(e). In order to determine whether the thirty-day objection period has passed, this Court must address the standard used to determine the conclusion date of a creditors meeting that has been continued generally.

■ There is a split of authority within the First Circuit on this question, characterized by three main bodies of thought. The first, represented by Judge Kenner's decision in *In re Levitt,* 137 B.R. 881, 883 (Bankr.D.Mass.1992), holds that a trustee must continue the meeting to an adjourned date and time. If an adjourned date and time are not given at the continuance of the meeting itself, the trustee may set the date and time within thirty days of the continuance. *Id.* Failing this, the meeting is deemed to have been concluded on the last meeting date. *Id.* The second approach, represented by Judge Hillman in *In re Flynn,* 200 B.R. 481, 484 (Bankr. D.Mass.1996), does not recognize a time limit on the trustee's ability to continue generally. Rather, the meeting is not deemed to have been concluded until "the trustee so declares or the court so orders." 200 B.R. 481, 484 (Bankr.D.Mass.1996).

---

1. The Chapter 7 Trustee assented to the Motion.

2. No one disputes the accuracy of the unofficial transcript.

Finally, courts within this circuit have applied a reasonableness standard set forth in *Petit v. Fessenden,* 182 B.R. 59, 63 (D.Me.1995), *aff'd on other grounds,* 80 F.3d 29 (1st Cir.1996). *See Premier Capital, Inc. v. DeCarolis (In re DeCarolis),* 259 B.R. 467, 470–71 (1st Cir. BAP 2001). Under this approach, the court looks at the specifics of each case to determine whether the delay in concluding the meeting was "not unreasonable under the circumstances presented." *Petit,* 182 B.R. at 63.

■ Despite the well-reasoned arguments presented by the latter two decisions, this Court declines to follow those decisions and instead agrees with Judge Kenner's decision in *Levitt.* Because the Trustee here continued the meeting generally and did not set an adjourned date and time within thirty days, the meeting is deemed to have been concluded on the last meeting date. Therefore, any objections not made within thirty days from the date of the last meeting, December 3, 1997, are waived.

■ The Court finds support for the holding set forth in *Levitt* based on two important considerations. First, the *Levitt* bright-line rule provides certainty to both trustees and debtors. Rule 4003(b) provides only thirty days for objections so that "exemptions become final within a definite and relatively short time," allowing both debtors and trustees to make an accurate assessment of the assets and move on from there. *Levitt,* 137 B.R. at 883. In contrast, the *Petit* reasonableness standard is unworkable in practice because it may be nearly impossible to predict when a court will find a delay has become unreasonable. *See Flynn,* 200 B.R. at 484. Despite this uncertainty, application of the *Petit* reasonableness test to the facts of this case would mandate the same conclusion as the *Levitt* bright line test. The trustee did not attempt to reconvene the meeting for four and a half years, and indeed did nothing in the case for almost two years. Therefore, the delay is unreasonable under the circumstances.

The second consideration supporting this Court's decision to follow *Levitt* is the prevention of unreasonable delay. The spirit of Rule 2003(e) is that a deadline for exemptions be given in order to move the case along quickly. *See Levitt,* 137 B.R. at 883; 3 COLLIER ON BANKRUPTCY ¶ 334.02[5][g] (15th ed. Rev.2001), citing *Taylor v. Freeland & Kronz,* 503 U.S. 638, 644, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) ("Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality."). The holding in *Flynn,* 200 B.R. at 484, on the other hand, allows indefinite extensions of the creditors' meeting. Such a holding fails to address the spirit and purpose of the Rules. The facts in the case before the Court, where the Trustee has made no attempt to reconvene the creditors' meeting for four and a half years, clearly highlight the necessity to abide by the Rules' intent to move the process along.

Finally, this Court is further persuaded in its finding by the statements of the Trustee at the creditors meeting indicating his recognition that the general continuance would not extend any bar dates. The Trustee also stated that creditors present at the meeting should also be aware of the bar dates. In light of the rule set out in *Levitt* and the Trustee's statements, the creditor knew or should have known that a meeting continued generally would start the thirty day objection period, absent notification within the thirty-day period of an adjourned date and time. To preserve its objections at that point, the Creditor could have either filed its objections or filed a motion to extend the time to file objections. Because the Creditor did neither, it lost its ability to object.

### III. Conclusion

For the foregoing reasons, this Court hereby grants the Debtor's Motion to Have Property Deemed Abandoned. A separate order will issue.