Joanne M. CUSHING, Debtor.

United States of America, Appellant,

v.

Joanne M. Cushing, Appellee.

BAP No. MB 08–018.
Bankruptcy No. 07–13569–JNF.

United States Bankruptcy Appellate Panel of the First Circuit.

Feb. 26, 2009.

Peter Sklarew, Washington, DC, on brief for Appellant.

David G. Baker, Boston, MA, on brief for Appellee.

Before LAMOUTTE, DE JESÚS, and VAUGHN, United States Bankruptcy Appellate Judges.

LAMOUTTE, Bankruptcy Judge.

The United States of America, on behalf of its agency, the Internal Revenue Service (the "IRS") appeals from an order of the bankruptcy court denying its motion to dismiss the chapter 13 petition of Joanne M. Cushing (the "Debtor"). The IRS sought dismissal or conversion on the grounds that the Debtor had failed to file her tax return before the first meeting of creditors in violation of 11 U.S.C. § 1308(a).[1] On appeal, the IRS contends that the bankruptcy court erroneously concluded that the chapter 13 trustee "held open" the meeting. For the reasons set forth below, the Panel REVERSES and REMANDS.

---

1. References to sections in the Bankruptcy Code shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. No. 109–8, 119 Stat. 23, 11 U.S.C. §§ 101, *et seq.*

## BACKGROUND

On June 7, 2007, the Debtor filed for relief under chapter 13 and the first meeting of creditors was scheduled for July 24, 2007. In an unnumbered virtual entry dated July 25, 2007, the docket reflects: "Meeting of Creditors Held and Examination of Debtor as scheduled." On August 2, 2007, the IRS filed "United States of America's Motion to Dismiss" ("Dismissal Motion"). In that motion, the IRS explained that because the Debtor had not filed a federal tax return for the year 2006 as of the date of the first meeting of creditors, in violation of 11 U.S.C. § 1308(a), the bankruptcy court was required to dismiss or convert the case under 11 U.S.C. § 1307(e). In her response, the Debtor explained that she had obtained from the IRS, an extension until October 15, 2007 to file her tax return.

On September 20, 2007, the bankruptcy court held a non-evidentiary hearing on the Dismissal Motion and response, took the matter under advisement, and ordered the parties to file briefs. On October 4, 2007, the IRS and the Debtor submitted memoranda of law. In its memorandum, the IRS argued that any outstanding tax returns must be filed before the first date set for the meeting of creditors, even if that date is before the filing deadline, unless the chapter 13 trustee has "held open" the meeting. In her memorandum, the Debtor argued that because the IRS had granted the Debtor an extension to file her return, the Dismissal Motion was premature and the IRS was estopped from seeking dismissal.

On December 14, 2007, the bankruptcy court issued an order denying the Dismissal Motion. The bankruptcy court issued a corresponding Memorandum in which it stated that the chapter 13 trustee had not held open the meeting of creditors, and concluded that the Debtor had not violated the filing deadline because she had obtained an extension of time to file her return. *In re Cushing*, 379 B.R. 407 (Bankr.D.Mass.2007) ("*Cushing I*"). Thereafter, on December 21, 2007, the IRS filed a "Motion to Alter or Amend the 12/14/07 Memorandum (DI# 37) and Order (DI# 36) Denying Motion to Dismiss Case, Pursuant to Rule 9023" in which it argued that reconsideration was warranted as the bankruptcy court had failed to consider 11 U.S.C. § 1308(b)(1)(B).

On January 3, 2008, the bankruptcy court ordered the parties, including the chapter 13 trustee, to file briefs addressing five discrete issues relating to 11 U.S.C. §§ 341, 1307, and 1308.[2] The IRS, the Debtor and the chapter 13 trustee filed briefs in response to the January 3, 2008 order. In response to the second issue, the chapter 13 trustee wrote:

> The Trustee has listened to the electronic recording of the § 341 meeting in the present case. The Trustee did not state on the record that the meeting was concluded nor did the Trustee continue the meeting to a specific date.... A review of the [case law discussing when a meeting is concluded] establishes that the meeting of creditors in the instant case was never 'concluded.' It is the Trustee's position that unless the Trustee specifically states on the record that a

**2.** For the second issue, the bankruptcy court asked the parties to address:

> What the language of section 1308(b)—"the trustee may hold open that meeting ..."— means under the circumstances of this case and in view of Fed. R. Bankr.P.2003(a) where the Debtor's Chapter 13 plan has not

yet been confirmed and the docket merely states "Meeting of Creditors Held and Examination of Debtor as scheduled," and the United States did not submit an affidavit of the Chapter 13 Trustee or other evidence that the section 341 meeting was concluded or closed; ...

meeting is concluded or the Court orders that the meeting is concluded, for the purposes of § 1308 the meeting was held open and the debtor has up to an additional 120 days from the meeting date to file all outstanding tax returns.[3]

On February 22, 2008, the bankruptcy court issued an order addressing the foregoing pleadings and making the following findings and conclusions. *In re Cushing*, 383 B.R. 16 (Bankr.D.Mass.2008) (footnote omitted) (*"Cushing II"*):

> Because the language employed by Congress in section 1308, "the trustee may hold open that meeting ..." was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 and is arguably ambiguous in view of [sic] of the provisions of Fed. R. Bankr.P. 4003, which permits parties in interest to object to a debtor's claim of exemptions within 30 days after the "meeting of creditors held under § 341(a) has been concluded ...," the Court finds, for purposes of this decision only, that the Chapter 13 Trustee held open the meeting of creditors in accordance with 11 U.S.C. § 1308(b)(1). To hold otherwise would unduly prejudice the Debtor who relied upon her automatic extension and timely filed her outstanding tax return within the time allotted by that extension....
>
> Because the Chapter 13 Trustee has stated that she, in effect, held open the meeting of creditors, and because the Debtor filed her tax return for which she obtained an automatic extension, the Court concludes that the United States has not satisfied its burden under 11 U.S.C. § 1307(e) in this case. Moreover, the Court concludes that a determination of the other issues raised in the

January 3, 2008 order is unwarranted, particularly as the provisions of 11 U.S.C. § 521(j) are not implicated.

The Court is not unmindful of the positions advanced by the parties, particularly with respect to the split within this district as to the [sic] when the meeting of creditors is concluded, *see In re Koss*, 319 B.R. 317 (Bankr.D.Mass.2005), and cases cited therein, and the concomitant need for certainty and predictability in the conduct of section 341 meetings with respect to the provisions of sections 1308(a) and (b) and 1307(e). Because this Court's [earlier decision] was based on a misapprehension of fact, namely that the Chapter 13 Trustee had concluded the section 341(a) meeting of creditors, and because of the absence of established procedures as to the party responsible for establishing that the meeting be held open, the Debtor or the Chapter 13 Trustee, the Court withdraws its December 14, 2007 decision and reserves for another day the issue framed therein. The Court further observes that should a debtor wish to take advantage of the provision of section 1308(b), he or she should request the Chapter 13 Trustee to hold the meeting open for a specific period of time to avoid the conundrum outlined in *Cushing*. Similarly, if the United States or any other party in interest wishes to withhold the relief afforded to debtors by section 1308(b), a request should be made to the Chapter 13 Trustee to conclude the meeting, with the understanding that the Court is available to resolve disputes before the relief provided by the statute is lost.

The IRS filed a timely notice of appeal and explained that the issues on appeal are

---

**3.** In its brief, the IRS vigorously disputed the chapter 13 trustee's conclusion that she held open the meeting for purposes of the statute.

In her brief, the Debtor argued that if a meeting was never "concluded," it must have been "held open."

whether the bankruptcy court erred in ruling that the chapter 13 trustee "held open" the meeting of creditors in accordance with 11 U.S.C. § 1308(b)(1) and whether the bankruptcy court otherwise erred in denying the Dismissal Motion.[4]

## JURISDICTION

A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). Generally, an order denying a motion to dismiss is not a final order. However, on May 27, 2008, the Panel issued an order, pursuant to an earlier order to show cause, ruling that the Order was an appealable collateral order. The parties have not subsequently addressed the issue.

## STANDARD OF REVIEW

██ Appellate courts reviewing an appeal from the bankruptcy court generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. *See TI Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.)*, 43 F.3d 714, 719–20 n. 8 (1st Cir. 1994). The IRS asserts that in ruling that the meeting of creditors was held open, the bankruptcy court was making a conclusion of law with respect to how a meeting may be held open under § 1308 and therefore this appeal must be given *de novo* review. Initially, the Debtor argued that an order denying a motion to dismiss a case must be

reviewed only for abuse of discretion, *Fields Station LLC v. Capitol Food Corp. of Fields Corner (In re Capitol Food Corp. of Fields Corner)*, 490 F.3d 21, 23 (1st Cir.2007) ("we review ... its refusal to dismiss a bankruptcy petition ... only for abuse of discretion ..."), but at oral argument appeared to adopt the position of the IRS. Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper facts are assessed, but the court makes a serious mistake in weighing them. *Latin Am. Music Co. v. Archdiocese of San Juan of the Roman Catholic & Apostolic Church*, 499 F.3d 32, 43–44 (1st Cir.2007).

██ In *Cushing II*, the bankruptcy court referred to the determination regarding whether the chapter 13 trustee "held open" the meeting twice as a finding and once as a conclusion. The bankruptcy court did not hold an evidentiary hearing and was not required to engage in a fact finding process. The bankruptcy court's determination that the meeting was "held open" is more akin to "the application of a legal standard used in bankruptcy law to the facts of a particular case...." *Arch Wireless, Inc. v. Nationwide Paging, Inc. (In re Arch Wireless, Inc.)*, 534 F.3d 76, 82 (1st Cir.2008). As a mixed question regarding the facts and the law, the standard of review is "clear error unless the bankruptcy court's analysis was based on a mistaken view of the legal principles involved." *Id.* "Under the clear error standard, the trier's findings of fact and the conclusions drawn therefrom ought not to be set aside 'unless, on the whole of the record, we form a strong, unyielding belief that a mistake has been made.'" *Gannett*

---

**4.** The parties agree that if the trustee "held open" the meeting, the Debtor timely filed her return and do not consider when the Debtor

filed the return to warrant further consideration.

*v. Carp (In re Carp)*, 340 F.3d 15 (1st Cir.2003).

## DISCUSSION

■ BAPCPA added to the Bankruptcy Code 11 U.S.C. §§ 1307(e) and 1308. Section 1307(e) provides:

Upon the failure of the debtor to file a tax return under section 1308, on request of a party in interest or the United States trustee and after notice and a hearing, the court shall dismiss a case or convert a case under this chapter to a case under chapter 7 of this title, whichever is in the best interest of the creditors and the estate.

Section 1308 provides:

(a) Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4–year period ending on the date of the filing of the petition.

(b)(1) Subject to paragraph (2), if the tax returns required by subsections (a) have not been filed by the date on which the meeting of creditors is first scheduled to be held under section 341(a), the trustee may hold open that meeting for a reasonable period of time to allow the debtor an additional period of time to file any unfiled returns, but such additional period of time shall not extend beyond—

(A) for any return that is past due as of the date of the filing of the petition, the date that is 120 days after the date of that meeting; or

(B) for any return that is not past due as of the date of the filing of the petition, the later of—

(i) the date that is 120 days after the date of that meeting; or

(ii) the date on which the return is due under the last automatic extension of time for filing that return to which the debtor is entitled, and for which request is timely made, in accordance with applicable nonbankruptcy law.

(2) After notice and a hearing, an order entered before the tolling of any applicable filing period determined under this subsection, if the debtor demonstrates by a preponderance of the evidence that the failure to file a return as required under this subsection is attributable to circumstances beyond the control of the debtor, the court may extend the filing period established by the trustee under this subsection for—

(A) a period of not more than 30 days for returns described in paragraph (1); and

(B) a period not to extend after the applicable extended due date for a return described in paragraph (2).

Fed. R. Bankr.P. 2003 provides the mechanism for, *inter alia*, calling, recording, and adjourning the meeting of creditors. Specifically, subsection (e) provides that a "meeting may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice." There is no rule that addresses how a trustee may "hold open" a meeting.

In order to determine whether the bankruptcy court properly decided the Dismissal Motion, the Panel must determine whether the Debtor timely filed the outstanding return. That question hinges on whether the chapter 13 trustee "held open" the meeting under § 1308(b).

In reviewing the legislative history behind §§ 1307 and 1308, one court explained that Congress enacted the statutes first,

"to help state revenue agencies figure out whether they had claims against the debtor," and second, "to punish debtors who were delinquent in filing tax returns, by withholding confirmation until they did so." *In re French*, 354 B.R. 258, 260–61 (Bankr.E.D.Wis.2006) (addressing another aspect of statute and finding directives of statute unambiguous). Aside from *French*, there is scant case law addressing the statute. *See, e.g., In re Perry*, 389 B.R. 62 (Bankr.N.D.Ohio 2008) ("Although the Debtor may view this as a harsh penalty, the Court must construe a statute according to its unambiguous terms. Under the circumstances of this case, failure to comply with § 1308 results in case dismissal pursuant to § 1307(e)."). In parsing through the statutes, one court wrote that it "behooves a debtor who has not filed all returns to advise the case trustee so the meeting can be held open." *In re McCluney*, 2007 WL 2219112 (Bankr.D.Kan. June 22, 2007) (concluding that court lacked discretion and could only decide to convert or dismiss even though late returns filed).

In one case, the court had to consider whether the meeting could be "held open" even though the docket provided that the meeting was held and concluded. *In re Kuhar*, 391 B.R. 733 (Bankr.E.D.Pa.2008). In examining the meaning of "held open" the court first turned to a treatise in which the author questioned the difference between "holding open" and "adjourning" a meeting and opined that a trustee should follow a formal procedure for holding open a meeting. Id. at 737 (citing to Keith M. Lundin, *Chapter 13 Bankruptcy*, § 391.1 at 391–96 (3d ed.2000)). The court then wrote:

> I agree. One of the central purposes of BAPCPA's tax return requirement is to "help states identify potential claims in bankruptcy cases where they may be owed delinquent taxes...." Section 502(b)(9) and Interim Bankruptcy Rule

3002(1) require a governmental unit to file its proof of claim 180 days following the petition date. However, they recognize that absent filed tax returns, a meaningful proof of claim cannot be prepared. Thus in a Chapter 13 case, where returns have not been filed, the government's bar date is 60 days after a tax return is filed "under § 1308." Since the permissible time for filing of returns under § 1308 is keyed to the status of the § 341 meeting, there must be an unambiguous docket entry or some other means of determining if the debtor is in compliance with § 1308 if the dismissal remedy provided to taxing authorities as parties in interest under § 1307(e) is to have meaning.

*Id.* at 737–38 (determining that docket entry reflecting "meeting held and concluded" could not mean that the meeting was held open).

In *Cushing II*, the bankruptcy court determined that the meeting was "held open" essentially because (1) it was neither concluded nor continued to a specific date based upon those cases in this circuit that have addressed the issue of how to determine when a trustee adjourned or concluded a meeting of creditors, *see, e.g., Premier Capital, Inc. v. DeCarolis (In re DeCarolis)*, 259 B.R. 467 (1st Cir. BAP 2001); (2) the language of § 1308 is arguably ambiguous in view of the provision of Fed. R. Bankr.P. 4003; and (3) the chapter 13 trustee stated that she held open the meeting. In reaching its decision the bankruptcy court explained that holding otherwise would unduly prejudice the Debtor who relied upon the automatic extension the IRS gave her to file her tax return and filed her return within that time. The court also stated that the IRS' position regarding the dismissal of the case followed by the filing of another case would not be in the best interest of credi-

tors and was a nonsensical approach in the context of this case. The bankruptcy court limited its ruling to the case before it and went on to explain that the better practice would be for the parties to make an affirmative request either to hold open or conclude the meeting.[5]

On appeal, the IRS asserts that the first determination was in error as cases such as *DeCarolis* are inapplicable. Those cases reflect a split in this circuit with respect to the determination of when a meeting of creditors concluded after the meeting had been continued generally, for purposes of ascertaining the objection to exemption deadline. *See, e.g., In re Friedlander,* 284 B.R. 525 (Bankr.D.Mass.2002).

In *DeCarolis,* the Panel recognized three different approaches to considering the effect of a continuance without a specific date. *Compare In re Levitt,* 137 B.R. 881, 883 (Bankr.D.Mass.1992) (holding that trustee who continued hearing generally must announce continued date within thirty days, failing which meeting will be deemed concluded) *with Petit v. Fessenden (In re Petit),* 182 B.R. 59 (D.Me.1995), *aff'd on other grounds,* 80 F.3d 29 (1st Cir.1996) (ruling that continuance without date is appropriate based upon circumstances and reviewable on case-by-case basis) and *In re Flynn,* 200 B.R. 481, 483–84 (Bankr.D.Mass.1996) (concluding general continuance permissible and meeting concluded upon court order or trustee decla-

ration). Ultimately, the Panel decided that a trustee may continue a meeting without setting a date. *Id.* The Panel rejected the firm deadline approach of *Levitt,* and determined that it did not need to apply *Petit* or *Flynn* as, under either test, the meeting had not concluded. *Id.* at 471.[6]

The IRS contends that these cases are inapplicable as they analyze a rule of bankruptcy procedure and a circumstance whereby the trustee had continued the meeting generally. In this case, the bankruptcy court was called upon to address a statute with a different purpose and nomenclature. The facts are distinctly different because the chapter 13 trustee did not continue the meeting generally but rather was silent at the meeting and caused to be entered on the docket an entry containing verbs written in the past tense. Because the cases are inapplicable, the IRS argues that it was an error for the bankruptcy court to adopt the trustee's statement that unless the trustee states on the record or the court orders that the meeting is concluded, the meeting is held open. It was error because the phrase "held open" must require an affirmative act. Conversely, the Debtor urges that the *DeCarolis* line of cases does apply and a bankruptcy court should make a determination regarding whether a meeting was held open on a case-by-case basis.

---

5. At oral argument, the IRS suggested that it would not be opposed to the Panel affirming *Cushing II* so long as the case were not applicable prospectively. While the Panel will reverse *Cushing II,* it leaves for the bankruptcy court to consider whether the parties have reached a settlement in this case.

6. Since *DeCarolis,* additional decisions within the circuit have addressed the issue. In *In re Friedlander,* 284 B.R. 525 (Bankr.D.Mass. 2002), the debtor moved to have an exempt asset deemed abandoned. The bankruptcy court ruled that the objection to exemption

deadline had expired because the trustee had continued the meeting generally without setting a new date within 30 days of the earlier meeting. *Id.* at 526. The court agreed with *Levitt* because it provides certainty for the trustee and debtor and prevents delaying the case. *Id.* at 527. In another case, the court adopted the holding in *Flynn. See In re Koss,* 319 B.R. 317, 321 (Bankr.D.Mass.2005) (explaining interpretation protects both estate and "frustrated debtor who is free to request the Court's intervention.").

We agree that the *DeCarolis* line of cases is inapplicable. In those cases, the parties understood that the trustee had continued the meeting of creditors generally to address matters other than tax returns. The courts were then called upon to decide at what point the meeting had concluded for purposes of Fed. R. Bankr.P. 4003(b) ("A party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded . . ."). In this case, however, the bankruptcy court was not considering the interpretation of the rule pertaining to filing exemption objections against the backdrop of a trustee having continued a case generally. Instead, the trustee was under an affirmative duty to take an action and, as the parties agree, refrained. When the trustee posited in her brief that a meeting is not concluded for exemption objection deadlines until she announces the meeting concluded or the bankruptcy court so orders, it was not relevant as to whether she held open the meeting to enable the Debtor time to file her tax return.

■ The IRS finds fault with the second determination that the statute is ambiguous in light of the language in Fed. R. Bankr.P. 4003.[7] A statute is ambiguous if it is capable of more than one reasonable interpretation. *Thinking Mach. Corp. v. Mellon Fin. Serv. Corp. (In re Thinking Mach. Corp.)*, 67 F.3d 1021, 1025 (1st Cir. 1995). Fed. R. Bankr.P. 4003(b) and Fed. R. Bankr.P. 2003(e) ("The meeting may be adjourned from time to time by announcement as the meeting of the adjourned date

and time without further notice.") refer to the meeting in the context of "concluding" and "adjourning." We presume that Congress acted intentionally when it introduced a new nomenclature to the newly enacted statutes addressing the filing of tax returns. *See, e.g., Duncan v. Walker*, 533 U.S. 167, 173, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (explaining that where Congress includes language in one section but excludes it in another, it acted intentionally); *Russello v. U.S.*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) ("We refrain from concluding here that the differing language in the two subsections has the same meaning in each. We would not presume to ascribe this difference to a simple mistake in draftsmanship."). Because the phrase "hold open" must indicate something other than "adjourn" or "conclude," it does not appear that Fed. R.Civ.P. 4003 overlaps or has an effect on the operation of § 1308(b). Accordingly, the Panel cannot agree that the language in Fed. R. Bankr.P. 4003 creates an ambiguity in the applicable language of § 1308(b).

■ In reading the phrase, "the trustee may hold open," the Panel agrees that this language requires the trustee to exercise discretion and take an affirmative step to hold the meeting open for a finite period of time.[8] See *In re Kuhar*, 391 B.R. 733; *In re Mascoll*, 2008 WL 1869293 (Bankr. E.D.Va.2008) ("The determination of how much time is appropriate is entrusted in the first instance to the sound discretion of the chapter 13 trustee, subject to the statutory limit."); *In re Forte*, 2007 WL

---

**7.** Neither the Debtor nor the IRS explored the issue of statutory ambiguity in their briefs.

**8.** That the statute provides for a finite period of time is further support for the conclusion that the *DeCarolis* line of cases does not apply. In those cases, the trustee had held open the hearings generally. Under § 1308, the

trustee cannot hold the meeting open generally for tax returns. Moreover, the statute provides that the court can further continue the deadline but in order to do so, the Panel presumes that the court must be able to ascertain the date to which the meeting was held open. *See* 11 U.S.C. § 1308(b)(2).

2028894 (Bankr.E.D.Pa.2007) ("Section 1308(b) grants the chapter 13 trustee and this court some limited discretion to extend this tax return deadline beyond that found in section 1308(a) ..."). Because the statute describes the requisite action and the requisite actor, the Panel cannot conclude that the phrase "the trustee may hold open" is ambiguous.

With respect to the third determination, the Panel is similarly unconvinced that the meeting was held open because the trustee opined she held it open. In a nod to the holding in *Flynn*, the trustee asserted that the meeting had not concluded because she had not so announced and the court had not so ordered. The Panel has described why those cases are inapplicable to this case. The trustee gave no indication that she had affirmatively exercised any discretion with respect to the meeting or that she had taken any steps to hold the meeting open.[9] To conclude that such inaction rises to the action required under the statute would impermissibly render superfluous the discretion built into the statute and the time constraints set forth in 11 U.S.C. § 1308(b)(2). *See, e.g., Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) ("Furthermore, 'we are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of the same law.'"). Moreover, a docket empty of an indication of the status regarding the deadline for filing tax returns would impede the ability of the court and parties to determine a debtor's compliance with 11 U.S.C. § 1307(e) and whether confirmation would be permissible under 11 U.S.C. § 1325(a)(9).[10]

Pursuant to § 1308(a), a debtor must file not later than the first date the § 341 meeting of creditors is scheduled "all tax returns for all taxable periods ending during the 4–year period ending on the date of the filing of the petition." The taxable period for 2006 ended on December 31, 2006. The tax return was due, without extensions, on April 15, 2007. In this case the Debtor had received an extension until October 15, 2007 to file the tax returns. Irrespective of the date when the tax returns were due to be filed, § 1308(a) states that the same must be filed on or before the date of the § 341 meeting.

Since the date of the § 341 meeting may come before the date the filing of the tax returns is due, § 1308(b)(1) allows the trustee discretion "to hold open that meeting for a reasonable period of time to allow the debtor an additional period of time to file any unfiled returns, ..." The trustee's discretion is limited to 120 days after the date of that meeting of creditors for any return that is past due; and for any return that is not past due, the later of 120 days after the date of that meeting of creditors, or the date on which the return is due under the last extension timely requested. 11 U.S.C. § 1308(b)(1)(A, B). The time periods within which a trustee may hold open the § 341 meeting of creditors to allow the debtor the time to file any unfiled tax return that is not due by the date of the § 341 meeting are sufficient for the debtor to file the tax returns on the due

9. There is no indication that the Debtor requested that the meeting be held open in order for her to make use of the extension granted by the IRS or that the matter of the missing tax returns was even discussed at the § 341 meeting.

10. As the bankruptcy court appropriately noted in *Cushing II*, similar to the court in *Kuhar*, the more prudent approach to ensure that a trustee has held open a meeting would be for a debtor or creditor affirmatively to ask the trustee at the meeting for the requested relief and for the trustee to ensure an unambiguous docket entry.

date, be it April 15 of the following year or within the time an extension is granted.

■ Clearly, the trustee is given discretion in § 1308 to hold open the § 341 meeting for a period of time to allow the debtor to file the tax returns. The period of time is constrained to the maximum limits in the same. If the trustee opts to hold open the § 341 meeting of creditors pursuant to § 1308, a clear statement must be made for the record. The statement was not made. The virtual docket entry reflects that the meeting was held and the Debtor examined.

In summary, the Debtor failed to file the tax returns within the time specified in § 1308; the IRS moved to dismiss the petition for that reason; the Debtor was given notice of the motion to dismiss and argued the same in a non evidentiary hearing. Consequently, § 1307 mandates the dismissal or conversion of the case.

### CONCLUSION

Having come to a different conclusion with respect to both the facts and the legal principles upon which the bankruptcy court relied in determining that the trustee held open the meeting of creditors, the Panel concludes that a mistake has been made. Accordingly, the Panel REVERSES *Cushing II* and remands the matter for the bankruptcy court to determine the next step under § 1307.

de JESÚS, Bankruptcy Judge, dissenting.

I begin with a synopsis of the salient undisputed facts. Joanne M. Cushing is a single mother caring for three children. She encountered financial difficulties. Af-

ter obtaining the automatic extension for filing her 2006 federal tax return, she sought bankruptcy protection under chapter 13 of the Code. During the § 341(a) meeting, Ms. Cushing was examined on matters other than any tax troubles and the filing of the mentioned federal tax return. The Trustee made no pronouncement that would show she left the meeting open, adjourned or concluded it. Thereafter, the Internal Revenue Service filed a motion to dismiss the case pursuant to 11 U.S.C. § 1307(e), even though it did not object to the confirmation of the Debtor's plan, the Debtor filed her 2006 federal tax return within the extended time afforded by the Tax Code, but, as the agency claims, outside the parameters set by § 1308(b)(1), and she is complying with the confirmed plan.

I respectfully disagree with the majority opinion reversing the bankruptcy court's finding, "that the Chapter 13 Trustee neither concluded the section 341(a) meeting nor continued it to a specific date ... [and] for purposes of this decision only, the Chapter 13 Trustee held open the meeting of creditors in accordance with 11 U.S.C. § 1308(b)(1)."

The circumstances here provide good and deliberate reasons justifying the bankruptcy court's choice. First, the bankruptcy court's Order dealt with an "aspect of the statute's application on which the statute itself is silent". *Petit v. Fessenden (In re Petit)*, 182 B.R. 59, 63 n. 4 (D.Me.1995), *aff'd on other grounds*, 80 F.3d 29 (1st Cir.1996). Next, the Order "addresse[d] a fact complex in which the actions of the trustee are to be assessed in terms of concepts of reasonableness and fairness".[11]

---

11. Section 1307(e) mandates the dismissal or conversion of a bankruptcy case (whichever is in the best interest of creditors), when a debtor does not file required tax returns in the manner set forth in its § 1308. See n. 4 at p. 3 of the bankruptcy court's Order, Appellee's Appendix.

*Id.* Then, while the bankruptcy court's Order provided some guidance for the future,[12] it also seemed to recognize that a judge may not have the authority to provide the bright-line approach urged by the Internal Revenue Service that appears neither in the statute nor the rules.[13] *In re Flynn*, 200 B.R. 481, 484 (Bankr.D.Mass. 1996); *In re Koss*, 319 B.R. 317, 321 (Bankr.D.Mass.2005). Lastly, to suggest that the Internal Revenue Service needed to file this appeal in order to reverse a "terrible precedent" invites abuse, given the compelling circumstances of this case and the bankruptcy court's expression specifically limiting its ruling to "this decision only".

In my view, the bankruptcy court's Order balanced Ms. Cushing's interest and those of her creditors, including the Internal Revenue Service. It also promoted the efficient administration of Debtor's financial reorganization. Therefore, I would affirm.

---

**12.** The bankruptcy court's Order states: "The Court further observes that should a debtor wish to take advantage of the provisions of § 1308(b), he or she should request from the Chapter 13 Trustee to old the meeting open for a specific period of time.... Similarly, if the United States or any other party in interest wishes to withhold the relief afforded to debtors by § 1308(b), a request should be made to the Chapter 13 Trustee to conclude the meeting ...".

**13.** During oral argument, the Internal Revenue Service wanted us to "[a]nnounce ... and encourage all of the other judges, to basically announce that in the future, in all cases, unless the docket entry says it's held open, you are going to deem it not held open for tax purposes."