In re Joseph M. FRIEDHEIM and Joyce A. Friedheim, Debtors.

No. 05–35210–HDH–7.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Dec. 5, 2005.

Rosemary J. Zyne, Dallas, TX, for Debtor.

Bruce W. Akerly, Bell Nunnally & Martin, LLP, Dallas, TX, for Cadle Co.

### ORDER ON MOTION TO STRIKE

HARLIN D. HALE, Bankruptcy Judge.

When is a meeting of creditors concluded, so that the time period for filing an objection to exemptions begins to run?

Came before the Court for hearing on November 30, 2005, the Debtors' Motion to Strike the Cadle Company's Objection to Debtors' Schedule C Exemptions ("Motion to Strike"). At the hearing, the Court considered the Motion, the response by the Cadle Company, the testimony and the documentary evidence presented. The Court then took the matter under advisement for further consideration, and now finds that the motion should be denied.

The Cadle Company ("Cadle") has objected to certain of the Debtors' exemptions. Debtors filed their Motion to Strike, arguing that Cadle's objection was untimely. The time period for the filing of an objection to exemptions is set out in the Bankruptcy Rules. Any objection to a debtor's claimed exemptions listed on Schedule C must be filed in compliance with Rule 4003(b), which provides in pertinent part:

> A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The

court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

Fed. R. Bankr.P. 4003(b). The resolution of the issue of timeliness turns on an interpretation of this provision which, surprisingly, has not been the subject of much precedent.

### The Underlying Facts.

The Debtors filed their petition for relief under Chapter 7 of the Bankruptcy Code on May 6, 2005. The first meeting of creditors, pursuant to 11 U.S.C. § 341, was scheduled for and held on June 24, 2005. The Court was not presented with the official record of the § 341 meeting, but Cadle arranged for a Certified Shorthand Reporter to record the meeting. After the Debtors had been questioned by Cadle's attorney, the Trustee stated twice that the meeting would be concluded. However, immediately thereafter, on July 1, 2005, the Trustee filed a notice that the meeting was continued to July 29, 2005. (See Cadle's Exhibit 12 p. 43–44). On July 18, 2005, the Trustee sent a letter to the Debtors' attorney, Ms. Zyne, requesting documents and reminding her that the § 341 meeting had been continued to July 29th. (See Cadle's Exhibit 10).

The Trustee continued his investigation of the Debtors' financial affairs, and continued the meeting again to September 12, 2005, by filing a notice on August 2, 2005. On August 15, 2005, the Trustee sent a second letter to counsel for the Debtors requesting documents that he had not yet received. (See Cadle Exhibit 11). The Trustee continued the § 341 to October 14, 2005, by filing a notice on September 13, 2005. Cadle filed its objection to the Debtors' exemptions on October 14, 2005, within 30 days of the date contained in the last notice filed with the Court, but not within 30 days of the first date scheduled for the meeting of creditors. On October 25, 2005, the Trustee filed a notice that the § 341 meeting had been concluded.

The Debtors assert that the Trustee's statements during the § 341 meeting that the meeting would be concluded should control and the date for filing objections to the Debtors' exemptions had passed prior to Cadle filing its objection, and the objection should therefore be stricken. Cadle asserts that the filings by the Trustee with the Court should control over the statements made at the initial meeting of creditors. Thus the question becomes, how is a § 341 meeting concluded.

The answer to this question is not provided in the statute. Its accompanying rule provides that the § 341 meeting *may* be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice. Fed. R. Bankr.P. 2003(e). But what *must* be done to show that a meeting has either been concluded or continued? Especially in a case where an announcement of adjournment is not made at the meeting, or as in the present case before the Court where the Trustee "announces" the meeting's conclusion during the § 341 meeting, but then files a notice that the meeting is continued to a certain date and time and sends a letter to the Debtors' attorney requesting documents be delivered before the continued meeting.

The question is certainly close, and the Court can find no case law where, as in this case, the Trustee made the statement at the § 341 meeting that the meeting was "concluded", but then filed a notice that the meeting was continued. Most of the cases in this area deal with the situation where a trustee continues a § 341 meeting indefinitely, without notice of a continued date. The Trustee's explanation at the hearing on the Motion to Strike was that

he did not remember concluding the meeting on the original date set and intended to simply cut off the questioning of the Debtors by Cadle's attorney, with any further questioning to be done by 2004 examination by Cadle if necessary.

The closest case on point is an opinion by the First Circuit Bankruptcy Appellate Panel in *In re DeCarolis,* 259 B.R. 467 (1st Cir. BAP 2001). In *DeCarolis,* there was conflicting evidence in the record as to whether the trustee adjourned the § 341 meeting or continued it generally. The trustee's minutes indicate that it was adjourned. However, at the hearing before the bankruptcy court on the debtor's motion to avoid a lien on exempt property, counsel for the secured creditor asserted repeatedly that the meeting had not been concluded and was to be rescheduled. The panel reasoned that since there was conflicting evidence of whether or not the meeting had been concluded, the debtor's failure to object to the creditors continued assertions that the meeting had been adjourned and not concluded would control. *Id.* at 470.

The Ninth Circuit has addressed this issue in the case of *In re Bernard,* 40 F.3d 1028 (9th Cir.1994), *cert. denied, Bernard v. Coyne,* 514 U.S. 1065, 115 S.Ct. 1695, 131 L.Ed.2d 559 (1995). In footnote 4, the Court of Appeals stated as follows:

> Even if debtors attend a 341(a) meeting and provide the requested information, the information may prove inadequate, or it may point to other sources. The trustee therefore has broad discretion whether to adjourn or conclude the meeting. Of course, the trustee may keep the 341(a) examination open only so long as there are legitimate grounds for believing that further investigation will prove fruitful. If debtors believe the trustee has extended the 341(a) examination period for illegitimate reasons, their remedy is to petition the bankruptcy court for closure of the objection period. The objection period, however, remains open until 30 days after one of the following events: (a) the trustee concludes a 341(a) meeting without expressly continuing it to a later date, Bankr.R. 2003(e); (b) the trustee sends written notification to all those on the service list that the 341(a) examination period is closed; or (c) the bankruptcy court orders the examination period closed.

*Id.* at 1031 n. 4.

In this district, the practice has been for the chapter 7 panel trustees to file a notice of either a § 341 meeting's continuance or its conclusion shortly after the meeting is held. Courts have found that written notice within a reasonable time of an adjourned date is an acceptable alternative to an announcement made at the meeting. *Traveler's Surety & Casualty Corp. v. Clark (In re Clark),* 262 B.R. 508, 514 (9th Cir. BAP 2001) (citing *Smith v. Kennedy (In re Smith),* 235 F.3d 472, 476 (9th Cir. 2000); *In re Havanec,* 175 B.R. 920, 922 (Bankr.N.D.Ohio 1994)). The Trustee's written notice was filed within seven days of the meeting and served on the Debtors, Cadle and all other parties in interest.

As stated above, the facts in the present case present a close question; however, it appears to the Court that the docket entry continuing the hearing, rather than the announcement by the Trustee during the hearing must control in this case. The Court and the public generally do not have access to transcripts of § 341 meetings. Since the practice in this district is for the trustees to file a notice on the docket of the meeting's conclusion or continuance, a person looking at the docket sheet in the instant case would reasonably believe that the meeting was continued, rather than concluded. Further, the record shows

that the Debtors continued to cooperate with the Trustee's document requests that contained notice of the Trustee's belief that the meeting had been continued and not concluded without objection. The Court finds that the Debtors could have raised an objection to the meeting's "continuance" prior to the instant motion.

Accordingly, it is

**ORDERED** that the Motion to Strike is **DENIED**.