In re Joanne M. CUSHING, Debtor.

No. 07–13569–JNF.

United States Bankruptcy Court,
D. Massachusetts.

Feb. 22, 2008.

Michael T. Eramo, Sean Cullen, Danvers, MA, for Debtor.

### ORDER

JOAN N. FEENEY, Bankruptcy Judge.

Upon consideration of 1) the United States of America's Motion to Dismiss; 2) the Court's Memorandum and Order dated December 14, 2007, *see In re Cushing*, 379 B.R. 407 (Bankr.D.Mass.2007); 3) the Motion to Alter or Amend the 12/14/07 Memorandum and Order Denying Motion to Dismiss Case, pursuant to Rule 9023 filed by

the United States; 4) the Court's Order dated January 3, 2008 and the issues posed in that order;[1] and 5) the briefs submitted by the Debtor, the United States, and the Chapter 13 Trustee, the Court finds that the material facts necessary to decide the United States of America's Motions are not in dispute.[2] The Court now makes the following findings of fact and rulings of law.

██  Upon review of the briefs submitted by the parties, the Court concludes that, among the issues it raised, issue number 2, set forth in footnote number 1, is dispositive of the Motion to Dismiss filed by the United States. The Court finds that the Chapter 13 Trustee neither concluded the section 341(a) meeting nor continued it to a specific date.[3] Citing, *inter alia, Premier Capital, Inc. v. DeCarolis (In re DeCarolis),* 259 B.R. 467 (1st Cir. BAP 2001), and *In re Koss,* 319 B.R. 317 (Bankr.D.Mass.2005), the Chapter 13 Trustee states in her brief that "[a] review of the above law establishes that the meeting of creditors in the instant case was never 'concluded.'" She adds: "It is the Trustee's position that unless the trustee specifically states on the record that a meeting is concluded or the Court orders that the meeting is concluded, for the purposes of § 1308 the meeting was held open and the debtor has up to an additional 120 days from the meeting date to file all outstanding tax returns." The Chapter 13 Trustee did not address Fed. R. Bankr.P. 2003(e) which provides that "[t]he meeting may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice." While the United States maintains that "[t]he record is clear that the Trustee did not hold open the meeting either generally or to an adjourned date," the Court concludes otherwise. The language employed in Rule 2003(e) is not mandatory ("the meeting may be adjourned ..."), and it does not resolve the issue of whether the Chapter 13 Trustee held the meeting open.

Because the language employed by Congress in section 1308, "the trustee may

---

1. The Court requested the parties to brief the following issues:

   1) Whether the plain language of 11 U.S.C. § 521(j) supersedes the provisions of 11 U.S.C. §§ 1307 and 1308 and compels denial of the United States of America's Motion to Dismiss;

   2) What the language of section 1308(b)—"the trustee may hold open that meeting ..."—means under the circumstances of this case and in view of Fed. R. Bankr.P. 2003(a) where the Debtor's Chapter 13 plan has not yet been confirmed and the docket merely states "Meeting of Creditors Held and Examination of Debtor as scheduled," and the United States did not submit an affidavit of the Chapter 13 Trustee or other evidence that the section 341 meeting was concluded or closed;

   3) Whether 11 U.S.C. § 1308(a) effectuates an acceleration of the time for filing a return for which an extension has been granted or a revocation of an automatic extension;

   4) Whether the United States of America's Motion to Dismiss is moot where the Debtor has filed her 2006 tax return for which she had obtained an automatic extension prior to October 15, 2007, and whether the United States can sustain its burden under 11 U.S.C. § 1307(e) of demonstrating a failure to file a tax return under § 1308 where the Debtor has now filed her 2006 tax return; and

   5) Whether the Court erred in concluding that the Debtor was not required to file a tax return under applicable nonbankruptcy law before the section 341 meeting where the Debtor had obtained an extension of time until October 15, 2007.

2. Neither the United States nor the Debtor requested an evidentiary hearing.

3. In *Cushing,* the court erroneously stated that the Chapter 13 Trustee did not hold open the meeting of creditors. 379 B.R. at 410.

hold open that meeting ..." was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 and is arguably ambiguous in view of the provisions of Fed. R. Bankr.P. 4003, which permits parties in interest to object to a debtor's claim of exemptions within 30 days after the "meeting of creditors held under § 341(a) has been concluded ...," the Court finds, for purposes of this decision only, that the Chapter 13 Trustee held open the meeting of creditors in accordance with 11 U.S.C. § 1308(b)(1). To hold otherwise would unduly prejudice the Debtor who relied upon her automatic extension and timely filed her outstanding tax return within the time allotted by that extension.[4]

As noted in the Court's decision in *Cushing*,

> If the Trustee holds the meeting of creditors open, Section 1308(b)(1) provides for two contingencies: one involving past due returns and the other involving returns which are not past due as of the date of the filing of the petition. In the first instance, the period within which a debtor may file the returns may not be extended beyond 120 days after the date of the first scheduled meeting of creditors. For those returns which are not past due, the applicable period is the later of the date that is 120 days after the date of the first scheduled meeting of creditors or "the date on which the return is due under the last automatic extension of time for filing that return to which the debtor is entitled, and for which request is timely made, in accor-

dance with applicable nonbankruptcy law." 11 U.S.C. § 1308(b)(1)(B)(ii).

379 B.R. at 409–10. Because the Chapter 13 Trustee has stated that she, in effect, held open the meeting of creditors, and because the Debtor filed her tax return for which she obtained an automatic extension, the Court concludes that the United States has not satisfied its burden under 11 U.S.C. § 1307(e) in this case. Moreover, the Court concludes that a determination of the other issues raised in the January 3, 2008 order is unwarranted, particularly as the provisions of 11 U.S.C. § 521(j) are not implicated.

■ The Court is not unmindful of the positions advanced by the parties, particularly with respect to the split within this district as to the when the meeting of creditors is concluded, *see In re Koss,* 319 B.R. 317 (Bankr.D.Mass.2005), and cases cited therein, and the concomitant need for certainty and predictability in the conduct of section 341 meetings with respect to the provisions of sections 1308(a) and (b) and 1307(e). Because this Court's decision in *Cushing* was based on a misapprehension of fact, namely that the Chapter 13 Trustee had concluded the section 341(a) meeting of creditors, and because of the absence of established procedures as to the party responsible for establishing that the meeting be held open, the Debtor or the Chapter 13 Trustee, the Court withdraws its December 14, 2007 decision and reserves for another day the issue framed therein. The Court further observes that should a debtor wish to take advantage of the provisions of section 1308(b), he or she

---

4. The Court also observes that the position espoused by the United States with respect to dismissal of the Debtor's case followed by the commencement of another case is not in the best interest of creditors or the Debtor. It strikes the Court as an overly technical reading of that statute and a nonsensical response to what transpired in this case. Not only

does dismissal subject the Debtor to filing fees associated with the refiling and legal fees for obtaining an extension of the automatic stay, *see* 11 U.S.C. § 362(c)(3), it places a burden on the court to needlessly administer essentially the same case. In short, dismissal (or conversion) are ultimately futile remedies in the context of this case.

should request the Chapter 13 Trustee to hold the meeting open for a specific period of time to avoid the conundrum outlined in *Cushing.* Similarly, if the United States or any other party in interest wishes to withhold the relief afforded to debtors by section 1308(b), a request should be made to the Chapter 13 Trustee to conclude the meeting, with the understanding that the Court is available to resolve disputes before the relief provided by the statute is lost.

In view of the foregoing, the Court grants in part and denies in part the Motion to Alter or Amend the 12/14/07 Memorandum and Order Denying Motion to Dismiss Case, pursuant to Rule 9023 filed by the United States, and denies the Motion to Dismiss.